LOCKE *v.* PITTSFIELD.

BARTON *v.* SHAW & *a.*

The doctrine of *Edes* v. *Boardman*, 58 N. H. 580, applies to the assessment and collection of taxes for school-district purposes.

TRESPASS. Both actions were tried by the court. The plaintiff, in opening, stated that the first action is brought to recover $41.83, paid under protest to the collector of Pittsfield, and by him paid over to the treasurer of Pittsfield, for a school-house tax assessed upon the plaintiff in a special assessment, May 29, 1876, upon the annual invoice in that year; and that the second action is against the selectmen of Pittsfield and Epsom and the collector of Pittsfield, for the collection of a tax included in the same assessment, the plaintiff in each action claiming the assessment to be illegal. The school-district, on account of which said taxes were assessed, is composed of territory and inhabitants in both of said towns. The plaintiffs admit that if the doctrine of *Edes* v. *Boardman*, 58 N. H. 580, applies to the assessment and collection of taxes for school-district purposes, they should be nonsuited. The court ruled that the doctrine of that case does apply, and ordered a nonsuit in each case, to which the plaintiffs excepted.

*A. Whittemore, Jr.,* and *J. Y. Mugridge,* for the plaintiffs.

*Chase & Streeter* and *J. H. Albin,* for the defendants.

BLODGETT, J. No reason has been or can be given why *Edes* v. *Boardman* does not apply to the assessment and collection of taxes for school-district purposes; and therefore, according to the agreement of the parties, the nonsuits ordered at the trial term must stand.

*Exceptions overruled.*

SMITH J., did not sit: the others concurred.