CAMPBELL & *al. versus* INHABITANTS OF MACHIAS.

The hiring of logs to be sawed, does not constitute the owner of them, if non-resident, to be such an "occupant" of the saw-mill, as to subject the logs to taxation in the town wherein the mill is situated.

Neither does the payment by him of wharfage for manufactured lumber constitute him to be such an "occupant" of the wharf, as to subject the lumber to taxation in the town wherein the wharf is situated.

ON FACTS AGREED.

ASSUMPSIT.

SHEPLEY, C. J., orally. — This is an action to recover the amount of a tax collected of the plaintiffs. The plaintiffs were inhabitants of Cherryfield. On the first day of May, they owned logs lying in the Machias river within the town of Machias, and a quantity of sawed lumber lying on a wharf in that town. They were assessed for the same by the assessors of Machias. They refused to pay the tax, and the collector seized and sold their property to pay it.

The plaintiffs owned no mill or wharf in Machias and kept no store there; but employed the Machias Mill and Water Power Co. to saw their logs at Machias in mills owned by that company, and paid wharfage on their lumber, when sawed. The question presented is, whether under such a state of facts, the plaintiffs were liable to be taxed in Machias for the lumber. The only provision of law on which the defendants rely is found in the statutes of 1845, chap. 159, sect 10, clause 1, which is as follows: — "All goods, wares and merchandize, all logs, timber, boards and other lumber, or any stock in trade, including stock employed in the business of any of the mechanic arts in any city, town or plantation within this State other than where the owners reside shall be taxed in such city, town or plantation, if the owners occupy any store, shop, mill or wharf therein, and shall not be taxable where the owners reside."

Did the plaintiffs so occupy a mill or wharf in Machias as that they could legally be assessed there? "It is agreed, that they owned no mill or wharf and kept no store there."

Could they be regarded as occupying a mill because they hired the owners of a mill to saw their lumber at an agreed price per thousand. Does a payment to a mill owner for sawing lumber constitute the occupancy of a mill? Does the paying for wharfage constitute the occupancy of the wharf? Such a construction would, we think, be a forced one.

The design of the statute was to render liable to taxation the property of individuals, who *so* occupy a mill or wharf, as that they should be *entitled to receive* and not *liable to pay* mill rent for the lumber from time to time sawed in the one, or wharfage for lumber deposited on the other.

*Freeman,* for the plaintiffs.

*Thacher* and *Lane,* for the defendants.