INHABITANTS OF ELLSWORTH *versus* WARREN BROWN.

Logs, timber, etc., designed and intended to be manufactured and sold in some town other than that in which their owner resides, but in which, on the first day of April, he occupies a mill, store or wharf, are rightfully taxable in such town, and not in the town where the owner resides, although they may not, on the first day of April, in the year for which the tax is assessed, have actually arrived within the corporate limits of such town, provided they are in the course of the year brought there and manufactured.

BARROWS, J. — The defendant, in the Spring of 1865, was a resident of Westbrook in the county of Cumberland, and owner of timber-lands in Township No. 33, in Hancock county, and of sawmills in Ellsworth, in which town he also occupied a store and wharf, paying rent therefor. He was also the owner of large quantities of lumber, cut on his lands in Township No. 33 the previous winter, and lying in Union river and its tributaries, not (all of it) within the corporate limits of Ellsworth, on the first day of April, but subsequently during that season driven down there and sawed at his mills. The assessors of Ellsworth taxed him for all this lumber, including the logs, which on the first day of

April had not been driven into the town of Ellsworth. For so much of the tax as was assessed upon logs, not on that day actually within the limits of the town, the defendant gave his note, which is in suit here, and, by the stipulations of the parties, the defendant, if liable for such tax, is to be defaulted, otherwise the plaintiffs are to become nonsuit.

The case calls for a construction of § 10, and the first clause of § 11, of c. 6 of the R. S., and it is our duty to give them such construction as shall be most convenient and likely to insure the collection of a just tax upon all property liable to be assessed, and at the same time shall not injuriously affect the tax-payer by exposing him to a double assessment for the same property.

The statute runs thus : —

"Sec. 10. All personal property within or without this State, except in the cases enumerated in the following section, shall be assessed to the owner in the town where he is an inhabitant on the first day of April in each year.

"Sec. 11. The excepted cases referred to in the preceding section are the following : — 1st, All goods, wares and merchandise, all logs, timber, boards and other lumber, and all stock in trade, including stock employed in the business of any of the mechanic arts, in any town within this State, other than where the owners reside, shall be taxed in such town, if, the owners occupy any store, shop, mill or wharf therein, and shall not be taxable where the owners reside."

The defendant claims, and certainly not without plausibility, looking merely at the language without heeding the intention of the statute, that the exceptions in section 11, have particular relation to the time specified in section 10, and that these logs not being on the first day of April in any town in which he occupied a mill, store or wharf, were properly taxable to him only in the town where he resided.

The Legislature of Massachusetts seem to have adopted a like construction of their statute—*in pari materia*—for, to a similar statutory provision, they added, by way of supplementary enactment, (Laws of Mass., 1839, c. 139, § 1,) the

following : — " whether the said stocks in trade or the goods, wares, merchandise, or other property composing or forming a part of the same, are within said town on the 1st day of May of the year when the tax is made, or elsewhere."

Doubtless such an addition would make the meaning of our statute more explicit, but we are to determine whether it is necessary in order that the statute may bear the construction for which the plaintiffs contend.

Looking first to the design and origin of these exceptions to the general rule that personal property shall be assessed to the owner in the town where he is an inhabitant, on the 1st day of April, — we find it recited in the general tax act for the Commonwealth of Massachusetts for the year 1805, that, " there are many persons within this Commonwealth engaged in trade who negotiate much business, and hire shops, stores and wharves in towns, &c., other than where they dwell, and whose property and ability can be better known to the assessors of the several towns wherein such business is transacted, than to those of the town, &c., where they may dwell;" and it is *therefore* enacted, that, " for such goods, &c., as are sold, used or improved in the towns, &c., other than those where the owners thereof may dwell, such owners shall be respectively taxed therefor in such town, &c., and not where they dwell or have their home."

The apparent design of the exception is to prevent certain kinds of property, held and managed at a distance from the place of the owner's residence, from thereby escaping taxation, and the method adopted seems to be the substitution of an established place of business, for the personal residence of the owner on the first day of April, to determine the place where certain kinds of property thus situated shall be taxed.

Such a localization of the business is intended to draw after it for the purpose of taxation the property used and employed in that business, in like manner as the residence of the owner draws after it other property not thus situated, without regard to its particular *situs* on the first day of

April. The occupation of the store, shop, mill or wharf, on the first day of April, in the year for which the tax is assessed, is the essential thing, and it must be deemed the true meaning and intent of the statute to except from the operation of § 10 all the property, of the kinds specified, employed in the business there carried on.

It is only by giving it this construction that the statute can be made to further the end for which it was designed, and it is not perceived how the taxpayer who faithfully renders in his list of taxable property can be made to suffer upon this construction.

Upon the construction contended for by the defendant, it would often be in the power of the owner of such property successfully to evade taxation for it any where.

Probably by far the greater part of the logs and timber rightfully falling within the exception contained in the first clause of § 11 would be found, on the first day of April in each year, scattered along the course of the streams by which it is floated to the place of manufacture and sale, in towns and plantations other than that in which the owner occupies a mill or wharf, and far distant from his place of residence. Shall so much of it only as may on that day have arrived at the mill be taxed there, and the remainder in the town where the owner resides?

If so, the provision, which was designed to commit the assessment of taxes upon it to those by whom its quantity and value would be best known, would but add to the difficulty of making any legal assessment upon it, and if it did not escape taxation altogether, controversies as to the place where it should rightfully be assessed would inevitably be more frequent.

Again, in the third clause of the same § 11, setting forth the exceptions to the taxation of personal property in the town where the owner resides, it is provided, that "all mules, horses, neat cattle, &c., shall be taxed in the town where they are kept on the first day of April in each year, to the owner or person who has them in possession at that

time," unless they are in some other town than that in which the owner or possessor resides, for the purpose of pasturing or some other temporary purpose, "on said first day of April," in which case they are to be taxed to the owner or possessor in the town where he resides, &c.

Hence it may fairly be presumed that if the Legislature had intended that the same limitation as to time should extend to the other exceptions they would have so declared in express terms.

Upon the whole, we are of opinion that logs, timber, &c., designed and intended to be manufactured and sold in some town other than that in which their owner resides, but in which, on the first day of April he occupies a mill, store or wharf, are rightfully taxable in such town, and not in the town where the owner resides, although they may not on the first day of April, in the year for which the tax is assessed, have actually arrived within the corporate limits of such town. *Defendant defaulted.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and TAPLEY, JJ., concurred.

*E. Hale,* for the plaintiffs.

*F. Hale* and *Joy,* for the defendant.