MANCHESTER MILLS *v.* MANCHESTER.

On a petition for an abatement of a real estate tax, the appraisal complained of may be compared with the appraisal of other real estate in the same town, for the purpose of ascertaining whether the assessment was proportional, and whether justice requires an abatement.

PETITION, for an abatement of a tax. The court appointed a committee to find and report,—1. The true value of the plaintiffs' estate described in the petition, in April, 1875. 2. The true value of real estate in Manchester other than the plaintiffs', as near as they could estimate it, compared with its assessed value in April, 1875. 3. The rate per cent. of taxation in Manchester for the same year. The question, whether the second point was a proper subject of inquiry, was transferred, on exceptions, from the circuit court.

*C. R. Morrison* and *Briggs & Huse*, for the defendants.

*Cross & Burnham*, for the plaintiffs.

SAWYER, J. Such order is to be made in this case as justice requires—Gen. St., *c.* 53, *s.* 11; and justice requires an equal rate of taxation, a proportional assessment, an assessment that will not impose upon the plaintiffs a real estate rate higher than the average rate to which the other owners of real estate in Manchester are subject.

This construction of the statute was approved and acted upon in *Cocheco M. Co.* v. *Strafford*, 51 N. H. 455, 482, and in subsequent cases; and, so far as it lays down a general rule, subject to such exceptions as justice may possibly require in extraordinary cases, it must be considered settled. The statute makes the proceeding for the abatement of a tax a summary one, free from technical and formal obstructions. The question is, Does justice require an abatement? It is a broad and comprehensive inquiry, not to be restricted by artificial, arbitrary, immutable rules, inconsistent with the substantial justice which the statue was designed to secure. The investigation must have reasonable limits. Unlimited, in point of time and subject-matter, it might produce the injustice of litigation unreasonably protracted. The maxim, *de minimis non curat lex*, may properly be applied in this class of cases. The justice to be administered is to be sufficiently exact for the practical purpose of the legislature, who did not intend to invite the parties to a struggle for costs, or a ruinous contention about trifles. The points to be considered are such as the nature of each particular case presents. They cannot be fixed by an invariable rule. The form of the inquiries to be made by the court, or submitted to some other tribunal (whether like the form used in this case, or more general, or more special), rests in the discretion of the court at the trial term, and is not open to exception.

*Exceptions overruled.*

FOSTER, J., did not sit.