TRUST AND GUARANTY COMPANY v. PORTSMOUTH.

The right of appeal to the supreme court by petition for abatement of taxes, under Gen. St., c. 53, s. 11, is not lost by non-compliance with the requirements of Gen. St., c. 51, s. 4, when the petitioner was prevented from exhibiting an account by reason of accident, mistake, or misfortune, without fault on his part.

PETITION for abatement of taxes, under Gen. St., c. 53, s. 11. Motion to dismiss, upon the ground that the petition does not aver that the plaintiffs have complied with the requirements of Gen. St., c. 51, s. 4.

*Hatch,* for the defendants.

*Hackett* and *Frink,* for the plaintiffs.

CLARK, J.   Any person aggrieved, having complied with the requirements of the law on the subject of exhibiting to the selectmen a true account of the polls and estate for which he is taxable, may apply by petition to the supreme court, within nine months after notice of a tax, for an abatement; and the court shall make such order thereon as justice requires. Gen. St., c. 53, s. 11.   This statute has been construed liberally, in advancement of the rule of remedial justice which it lays down.   *Dewey* v. *Stratford,* 40 N. H. 203, 207; *Manchester Mills* v. *Manchester,* 57 N. H. 309—58 N. H. 38.   The court has not considered itself at liberty to disregard the comprehensive standard of justice which the legislature plainly established, instead of the more convenient tests, of an exact legal character, by which judicial duty is generally directed.   The whole aim of this section of the statute is to secure natural justice for persons taxed; and that general purpose is entitled to great weight in ascertaining the meaning of particular words.   If the literal meaning of particular words is inconsistent with the general purpose, there is grave reason to doubt whether the literal sense is the sense intended by the legislature.

In *Cocheco Company* v. *Strafford,* 51 N. H. 455, 470–472, it was held, that although non-residents are not expressly excepted from the language of that part of the section which requires an exhibition of an account as a condition precedent to the right of appeal, yet, by fair construction of other statutes, an account not being required of non-residents, they have the benefit of that section without an account; that part of the section, literally as applicable to them as to residents, was construed as not applicable to them; and it was observed that the fact, that the public notice requiring an account is not likely to reach them, tended to show that the legis-

lature did not intend to require an account of them, or to include them in words that made no distinction between them and residents.

The language of the section contains a particular intimation that the right of appeal is to be governed by the general rule of justice on which the question of abatement is to be determined when there is a right of appeal. It does not require the person taxed to appeal within a particular time from the assessment of the tax; but it allows him to appeal within nine months after he has had notice of the tax,—and that might be years after the assessment. To continue the right of appeal so long as he has no notice of the tax, and deny him an appeal when he had no notice and could have had none that an account was required of him, would be an inconsistency and an injustice at variance with the whole tenor and object of the law. Such a construction would legalize the ruin of infants, insane persons, seafaring men, and numbers who, by reason of accident, mistake, or misfortune, and without any fault whatever, had not exhibited an account. Such a construction is in conflict not only with the equitable design of this particular statute, but with our whole system of law.

The statute makes towns liable for damages happening to any person travelling upon a highway by reason of any defect that renders it unsuitable for the travel thereon; but the construction of this statute is, that towns are liable for negligence or fault only. The literal sense of the statute is understood not to express the legislative intent. So in this case, to deny justice to one who, being in no fault, has been wronged in the assessment of taxes, would be a glaring departure from that course of justice for which the statute was meant to provide.

We are of opinion that the true construction of the statute is, that the right of appeal is not denied to one who has not exhibited an account, if he was prevented from exhibiting it by accident, mistake, or misfortune, and without fault on his part.

The question of fault is a question of fact, to be determined at the trial term. *Brooks* v. *Howard*, 58 N. H. 91.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.