SABRE *v.* SMITH, *Adm'r.*

62 | 663
68 | 188

An agreement for the sale of goods, subscribed by the party sought to be charged, and which contains the names of both parties and the terms of sale, is sufficient within our statute of frauds.

A contract for the sale and delivery of hay is not discharged by the death of the vendor, and may be enforced against his personal representatives.

If a letter properly directed is sent by post, the presumption is that it duly reached its destination, and was received by the person to whom it was addressed, if living.

If such person subsequently dies, and the letter cannot be found among his effects, the sender will ordinarily be excluded as a witness to its contents in a suit against the administrator who does not elect to testify.

APPEAL, from the decision of the commissioner of insolvency upon the claim of the plaintiff against the estate of the defendant's intestate. The plaintiff was allowed $38.72, his whole claim, according to the account annexed to the declaration, being as follows:

| | | |
|---|---|---:|
| 1881, April 28, | amount overpaid for hay, | $38.72 |
| "   May | Damages for not delivering 192½ tons of hay as per contract, @ $6.50, | 1,251.25 |
| "   " | Damages for not delivering 200 tons of hay, as per contract, | 1,200.00 |
| | | $2,489.97 |

Jury trial waived. Facts found by the court.

Putnam, the intestate, died May 10, 1881. At the trial the plaintiff produced the following writing, which was received, subject to the defendant's exception:

"Haverhill, N. H., Nov. 23, '80.

"These presents are the conditions of a hay contract between A. W. Putnam, of Haverhill, N. H., and G. W. Sabre, of Providence, R. I.

"The said A. W. Putnam of the first part sells to G. W. Sabre of the second part, who accepts:

"Three hundred (300) tons of No. 1 timothy hay, to be delivered in Providence, R. I., at the rate of 100 tons per month from Dec. 1, 1880.

"The said Sabre is to pay eighteen dollars and a half per ton, delivered in Providence, R. I. The said A. W. Putnam also agrees to furnish on same conditions mentioned above the further amount of two hundred tons of No. 1 timothy at the price of nineteen dollars per ton, to be delivered within sixty days from March 1st, 1881, in case said Sabre accepts this conditional offer within fifteen days from Nov. 23, '80.          A. W. Putnam."

From November 22, 1880, to April 28, 1881, Putnam delivered to the plaintiff, at Providence, 107.54 tons of hay, for which he was duly credited. The plaintiff made Putnam payments from time to time, during this period, and exceeding his credits by the sum of $38.72.

The defendant did not elect to testify. The plaintiff asked to be allowed to testify that he sent Putnam a letter mailed at Providence within fifteen days from November 23, 1880, accepting his offer to deliver the two hundred tons. The court refused to allow the plaintiff to testify, and he excepted.

It appeared that Putnam's papers had been searched, and that no letter from the plaintiff was found.

The defendant claimed that the writing of November 23 was merely a proposition by Putnam, not accepted by Sabre in writing; that because it was not accepted in writing, it came within the statute of frauds (G. L., c. 220, s. 16); and that, in order to hold Putnam to the delivery of any part of the hay, the offer must have been accepted by Sabre within fifteen days from November 23. He also contended that if the offer was properly accepted by the defendant, it contained a personal undertaking only on the part of Putnam, and did not, either in terms, by implication, or by legal intendment, extend to his legal representatives; that it was for him personally to perform, and with his death ended its performance and the right to enforce it.

The court found that the contract for the delivery of the three hundred tons, in December, January, and February, was legally accepted by Sabre, by parol, on or about November 23, 1880, and within fifteen days from that date, to which finding the defendant excepted, and that there was no acceptance of the offer to deliver the two hundred tons in March and April.

The court assessed damages as follows:

| | |
|---|---:|
| 48.19 tons short in December, @ $2, | $96.38 |
| 61.44 tons short in January, @ $6, | 368.64 |
| 82.83 tons short in February and March, @ $7, | 579.81 |
| | $1,044.83 |

to which interest is to be added from the death of Putnam to the expiration of the commission of the commissioner of insolvency.

*Burleigh & Adams*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for the defendant.

BLODGETT, J. The written agreement of November 23, 1880, contains the names of the two contracting parties, the signature of the one sought to be charged, the consideration, and the promise and acceptance of the other party. There is consequently nothing lacking to give it validity as a contract for the sale of three

hundred tons of hay by the deceased to the defendant, and for its delivery within the time specified, under s. 16, c. 221, Gen. Laws, which provides that "No contract for the sale of goods, wares, or merchandise, for the price of thirty-three dollars or more, is valid . . . . unless some note or memorandum thereof is in writing, and signed by the party to be charged, or by some person by him thereto authorized." The defendant's construction of the agreement in this respect has no support in law.

His claim that performance was excused by reason of Putnam's death stands no better. The subject-matter of the agreement was property, and not personal services requiring skill or taste. Putnam stipulated to do nothing which might not be done by proxy, and it is therefore immaterial whether performance was prevented by his death, or otherwise, because if it was, the contract being of a kind which might be carried out by his representatives, it was incumbent on them to fulfil it within a reasonable time after his decease, or respond in damages.

The remaining question arises from the exclusion of the plaintiff's offer to testify that he sent Putnam a letter, mailed at Providence within fifteen days after the date of Putnam's proposal, accepting his proposal to deliver the two hundred tons of hay.

Conceding that the plaintiff might properly have been allowed to testify to the mailing of the letter, he was rightly excluded as a witness to its contents, of which Putnam must be deemed to have had knowledge, because the presumption is that he received the letter by due course of mail (1 Gr. Ev., s. 40) ; and this presumption is not rebutted by the mere fact that the letter was not found among his papers after his decease. The case presented, then, is the ordinary one where the living party to a transaction offers himself as a witness in relation to it, when the other party, being dead, cannot testify; and the statute bar applies. G. L., c. 228, s. 16.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.