Strafford,  
Dec., 1894.

### DOWNING *v.* FARMINGTON.

A non-resident payer of taxes on personal property may appeal from the selectmen's refusal to abate his tax at any time within nine months after he has received actual notice of the tax.

PETITION, filed January 12, 1894, for the abatement of a tax assessed in Farmington against the plaintiff, April 1, 1892, upon his stock in the Farmington National Bank. Facts found by the court. The plaintiff was a resident of Haverhill, Massachusetts. In July or August, 1892, the collector of taxes of Farmington sent a bill of the tax, by mail, addressed to the plaintiff at Haverhill, which he did not receive. He first learned of the tax in August, 1893. If the sending of the bill was sufficient notice of the tax, the petition is to be dismissed; otherwise the tax is to be abated.

*Robert G. Pike,* for the plaintiff.

*George E. Cochrane,* for the defendants.

CHASE, J. An appeal may be taken from the selectmen's refusal or neglect to abate a tax at any time within nine months after notice of the tax. P. S., *c.* 59, *s.* 11; *Larkin* v. *Portsmouth,*

59 N. H. 26; *Farmington* v. *Downing*, 67 N. H. 441. The manner of giving notice to a non-resident of a tax assessed upon his personal property is not prescribed in the statutes. Non-residents are expressly excepted from the operation of P. S., *c.* 60, *s.* 2; and section 2 of chapter 61 relates to taxes assessed upon real estate. The statute "does not require the person taxed to appeal within a particular time from the assessment of the tax; but it allows him to appeal within nine months after he has had notice of the tax,—and that might be years after the assessment." *Trust & Guaranty Co.* v. *Portsmouth*, 59 N. H. 33, 34. It contemplates actual notice. Whether the notice must be in writing or may be given orally (*Gordon* v. *Clifford*, 28 N. H. 402, 413) is a question that need not be considered because it is found that the plaintiff had no notice, written or oral, until August, 1893. The mailing of a bill of the tax to the plaintiff might justify an inference that he received it and became informed of its contents, in the absence of proof to the contrary (*Sabre* v. *Smith*, 62 N. H. 663, 665); but it being shown that he did not receive it, there is no room for inference.

According to the provisions of the case, the tax must be abated.

*Tax abated.*

SMITH, J., did not sit: the others concurred.