Rockingham, ⎰
  June, 1896. ⎱

## KENT & *a. v.* EXETER.

Personal estate of a person deceased is not taxable to his heirs, under P. S., c. 56, s. 26, when an administrator is in possession thereof; but is taxable to the administrator in the town in which he resides.

PETITION, by George E. Kent of Pittsfield, administrator of the estate of John J. Bell, late of Exeter, and the heirs of said John J., residents of Exeter, for the abatement of a tax assessed by the selectmen of that town against the heirs of John J. Bell, upon bank stock belonging to Bell's estate. The bank stock was duly returned for taxation in Pittsfield by Kent, and there taxed. The defendants demur to the petition.

*Burnham, Brown & Warren* and *William P. Chadwick*, for the plaintiffs.

*Eastman, Young & O'Neill*, for the defendants.

PARSONS, J. The personal estate of a person deceased is taxable to his administrator, resident in this state, in the town in which such administrator resides, except in the case of a special administrator appointed because of delay in determining the final grant of administration. P. S., c. 56, *ss.* 14, 26, 27; c. 188, *s.* 21; Laws 1885, c. 56; Laws 1832 (Nov. Sess.), c. 105, *ss.* 1, 2; Laws, *ed.* 1830, *p.* 556; Laws 1827, c. 59; R. S., c. 40, *s.* 12. The defendants claim the personal estate of the deceased is taxable in Exeter to his heirs, under P. S., c. 56, *s.* 26. This section, corresponding to R. S., c. 40, *s.* 11, is intended to apply to the not uncommon case where at the time of the assessment no administrator has been appointed. The section is as follows: "Estates of persons deceased may be taxed to the widow, to any of the children, to the heirs, or to any other person who will consent to be considered as in possession thereof." P. S., c. 56, *s.* 26. If this section were the only statutory provision upon the subject, its provisions, upon the facts alleged, would not authorize the assessment in Exeter of the tax complained of. Upon the grant of administration, the title to all the personal estate of the deceased vested in the administrator, Kent, as trustee for the heirs and creditors. *Parsons* v. *Parsons*, 9 N. H. 309; *Ladd* v. *Wiggin*, 35 N. H. 421, 430. The petition alleges, in substance, that the petitioner, Kent, was in possession of the property and consented to be taxed therefor. The property not being within any of the exceptions to the general rule that personal property is taxable in the town where the owner resides (P. S., c. 56, *ss.* 1, 7, 9, 10, 15–19) was legally taxable in Pittsfield. It was also there taxable under the section cited by the defendants, for it was legally in the possession of Kent as administrator, and his consent, if necessary, that he "be considered as in the possession thereof," is the only inference deducible from the facts alleged. Being legally taxable in Pittsfield, it could not without violation of constitutional and statutory provisions be also taxed in Exeter. Const., *art.* 5; P. S., c. 55, *s.* 10. Kent, not being a resident of Exeter, was not required, under P. S., c. 57, to file an inventory with the selectmen of Exeter, and it is not claimed he is in fault for not doing so. His failure to file such inventory, therefore, does not prevent the maintenance by him of this petition. *Farmington* v. *Downing*, 67 N. H. 441, 442; *Carpenter* v. *Dalton*, 58 N. H. 615, 617; *Trust Co.* v. *Portsmouth*, 59 N. H. 33; *Cocheco Co.* v. *Strafford*, 51 N. H. 455, 470–472; *Dewey* v. *Stratford*, 40 N. H. 203, 207. The fact that

the property was taxed to persons to whom it was not legally taxable cannot prevent the maintenance of this petition for the abatement of the wrongful assessment, by the person to whom it was by law taxable, without disregarding " the comprehensive standard of justice which the legislature plainly established" and doing violence to the principles of natural justice in the spirit of which the statute which is the foundation of the present proceeding has been heretofore construed. *Carpenter* v. *Dalton, Trust Co.* v. *Portsmouth, Dewey* v. *Stratford, supra; Melvin* v. *Weare*, 56 N. H. 436; *Manchester Mills* v. *Manchester*, 58 N. H. 38; *Perley* v. *Dolloff*, 60 N. H. 504. The petition being maintainable by Kent as administrator, it is not necessary to consider whether, upon the facts, it could be maintained by the other plaintiffs alone.

*Demurrer overruled.*

All concurred.