Merrimack, }
Dec. 1, 1908. }

### DRESSER v. HOPKINTON.

A steam derrick is taxable in the town in which its owner resides, and not where it is temporarily in use on the first day of April.

PETITION, for tax abatement. Transferred from the April term, 1908, of the superior court by *Wallace*, C. J., upon an agreed statement of facts.

April 1, 1907, the defendants assessed against the plaintiff a tax of $9.50 upon a steam derrick which was then in that town

for a temporary purpose, being used there in the erection of a mill. On that date and for more than twenty years previously the plaintiff had his residence and domicile in Franklin. He was duly notified of the tax, seasonably applied to the selectmen for an abatement, and upon their refusal seasonably filed his petition. In 1907, he was taxed on the same property in Franklin. Upon the foregoing facts it was ordered that the tax be abated, and the defendants excepted.

*Leach, Stevens & Couch,* for the plaintiff.

*Dudley & Lowe,* for the defendants.

BINGHAM, J. As a rule, personal property is taxable in the town in which the owner resides. P. S., c. 56, s. 1; *Kent* v. *Exeter,* 68 N. H. 469. There are, however, exceptions to this rule (P. S., c. 56, ss. 10, 12, 16, 18; Laws 1905, c. 15; *Conn. River Lumber Co.* v. *Columbia,* 62 N. H. 286; *Coe* v. *Errol,* 62 N. H. 303; *Winkley* v. *Newton,* 67 N. H. 80; *Winnipiseogee Paper Co.* v. *Northfield,* 67 N. H. 365; *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473); but no provision of law making an exception of the class of property here in question has been pointed out, and an examination of the statutes has disclosed none. The abatement was properly granted.

*Exception overruled.*

All concurred.