Cheshire, }
March 7, 1922. }

## BEAN & SYMONDS CO. *v.* JAFFREY.

The court is without authority to enjoin the collection of a tax; the aggrieved taxpayer's remedy is a petition for abatement under P. S., *c.* 59, *s.* 11; Laws 1913, *c.* 67.

A town may grant an exemption from taxation to a manufacturing company in respect to property of which it is the equitable owner.

P. S., *c.* 59, *s.* 11 does not require the denial by the selectmen of a formal application for abatement as a prerequisite to a petition therefor; the neglect merely of selectmen to abate furnishes a foundation for a petition for abatement.

BILL IN EQUITY, filed November 20, 1920, for tax abatement, with petition for injunction against the collection of the tax, upon which a temporary restraining order was issued January 22, 1921.

May 15, 1912, at a special town meeting the following votes were adopted:

"Voted to exempt from taxation for a term of ten years the stock in trade and mills and machinery which may be erected and installed by the Bean & Symonds Company in Jaffrey."

"Voted to exempt from taxation for a term of ten years the mills and machinery which may be erected and installed by the East Jaffrey Manufacturing Co."

The two votes had reference to the same enterprise, the latter company being formed to finance the plaintiffs. The land on which the mill-buildings were erected was conveyed to the plaintiffs by the East Jaffrey Manufacturing Co., who received a mortgage back from them, which has since been paid. After the mill-buildings were erected, the plaintiffs made substantial additions thereto, installed machinery therein and have since carried on business as an active concern. Although the title stood in the mortgagees' name during the erection of the buildings they took no part in their construction. The property was bought and the factory built for the plaintiffs; the mortgagees held the title and erected the factory as trustees for the plaintiffs and the plaintiffs were the equitable owners of the land from the time the mortgagees acquired title and of the factory from the time it was built.

No tax was assessed against the plaintiffs upon the property for the years 1913–1919 inclusive. In 1920 the tax in dispute was assessed upon the buildings. No notice of the tax was given the plain-

tiffs by the collector prior to the bringing of this suit, except by mailing to them a pamphlet copy of all the invoices and taxes of the town for the year. The plaintiffs learned of the assessment not later than November 20, 1920, and forthwith brought this suit.

Before the property was actually assessed, the selectmen notified the plaintiffs of their purpose to make the assessment. The plaintiffs protested against such assessment and, in conference in relation thereto, the selectmen informed them of the reason for making it and told them they would make no abatement. There was no other application for abatement. If formal application had been made, no abatement would have been granted. The plaintiffs reasonably understood that the selectmen had refused to abate the tax. Whether the plaintiffs had filed an inventory was in dispute. If they did not, such failure was due to mistake and accident. The facts were found by *Allen*, J., who transferred from the April term, 1921, of the superior court, without a ruling, the question whether the plaintiffs can maintain the proceeding.

*Orville E. Cain* and *Robert W. Upton* (*Mr. Cain* orally), for the plaintiffs.

*Joseph Madden* and *Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

PARSONS, C. J. The court is without authority to enjoin the collection of a tax. The aggrieved taxpayer's remedy is a petition for abatement under the statute. *Rowe* v. *Hampton*, 75 N. H. 479. The prayer for a temporary injunction should not have been granted.

"Selectmen, for good cause shown, may abate any tax assessed by them or by their predecessors." P. S., c. 59, s. 10.

"Sect. 11. If they neglect or refuse so to abate, any person aggrieved, having complied with the requirements of chapter 57, may, within six months after notice of such tax and not afterward, apply by petition to the superior court in the county, which shall make such order thereon as justice requires." P. S., c. 59, s. 11; Laws 1913, c. 67.

It is conceded that under the finding that the plaintiffs' failure to file an inventory, if they did not do so, was due to accident and mistake, such failure to comply with the requirements of chapter 57 is not a bar to the maintenance of this proceeding as a petition for abatement. *Kerby* v. *Charlestown*, 78 N. H. 301, 307.

The defendants further object that no formal application to the selectmen to abate the tax was made prior to the bringing of the petition. As to this, it is found that prior to the formal assessment of the tax, the selectmen informed the plaintiffs of their purpose and their reasons therefor and in a conference upon the subject notified them the tax would not be abated, and it was also found that an abatement would have been refused if formally applied for. Under these circumstances a formal application to the selectmen for abatement of the tax after notice of its assessment would have been "a useless ceremony, which the law of this jurisdiction never requires." *Blodgett*, J., *State* v. *Moore*, 69 N. H. 102, 120. But the statute does not require the denial by the selectmen of a formal application for abatement as a prerequisite to a petition for abatement. The neglect of the selectmen to abate furnishes a foundation for a suit equally with their refusal to do so. It is true, as counsel suggest in their brief, an application to the selectmen for an abatement would give them an opportunity to correct an erroneous assessment, but upon notice of this suit the selectmen could have at once abated the tax if they had felt at liberty to do so, and the only question left would have been one of costs which would have been equitably adjusted by the court. The petition to the court must be brought within six months after notice of the tax. Laws 1913, *c.* 67. The defendants' claim in their brief that the petition was brought too late is not understood. The petition was instituted November 20, 1920, before the tax bill was delivered by the collector, "forthwith" upon the plaintiffs' learning of the assessment. How they learned is not found. Whether the pamphlet copy of all invoices and assessments gave them this information, or when such pamphlet was mailed them, is not stated. The notice required by the statute is actual notice. *Downing* v. *Farmington*, 68 N. H. 187. As the plaintiffs instituted the suit "forthwith" upon learning of the tax the case is not understood to mean that a delay of over six months ensued.

The defendants stand upon the proposition that "an exemption under the statute does not pass with a sale of the property." If this be so as matter of law, no occasion for a discussion of the proposition is presented. The plaintiffs do not stand upon the vote exempting the East Jaffrey Manufacturing Company but upon the vote exempting them by name "the Bean and Symonds Company."

Whether, if the East Jaffrey Co. had erected the buildings for themselves and subsequently sold them to the plaintiffs, the purchase of the buildings by the plaintiffs would bring such buildings

within the terms of the vote may perhaps be debatable, but the question is not here, because it is found that the East Jaffrey Co. in erecting the buildings were acting for the plaintiffs. The plaintiffs therefore bring themselves within the terms of the vote.

*Tax abated.*

All concurred.