Hillsborough, } No. 3329.
June 2, 1942. }

DIEUDONNE LEFEVRE *v.* MICHAEL J. HEALY & a.,

Board of Assessors of Manchester

*Omer H. Amyot,* by brief for the plaintiff.

*Frank R. Kenison,* Attorney-General, and *Ernest R. D'Amours,* Assistant Attorney-General, by brief as *amici curiae* and for the State Tax Commission.

*Joseph J. Betley,* for the defendants, filed no brief.

PER CURIAM. The procedure is improper. The plaintiff's only relief is by petition for abatement. *Bean &c. Co.* v. *Jaffrey,* 80 N. H. 343, 344. While the bill by amendment may be made a petition for abatement, it was not seasonably brought under the statute (P. L., *c.* 64, *s.* 14) in respect to the 1940 assessment, and for this reason alone that assessment can have no consideration.

Without attention to other questions bearing on the claimed exemption for 1941, the statute (P. L., *c.* 60, *s.* 26) reads in part: "Every soldier, . . . residing in this state who served for thirty days or more in the army of the United States in any war in which the United States has been engaged, and received an honorable discharge . . . shall be exempt each year from taxation upon his taxable property to the value of one thousand dollars." The plaintiff's claim is that he served for over thirty days in the war which commenced in 1917. The defendant's position is that while he was in military service for about seven weeks, the war terminated, within the meaning of the statute, on November 11, 1918, and therefore before he had served thirty days in the war.

In common thought and understanding the Armistice of November 11, 1918, ended the war. Not only did hostilities then cease temporarily, but, as the event shows, permanently as to that war. In the popular mind it was the definite and complete end. By the Armistice Germany surrendered to her enemies, as of its day, practically and effectively on such terms as were then and as might later be demanded. While the plaintiff remained in military service after the Armistice his war service was then at an end, as the ordinary person would say. If in technical aspects a state of war continued until peace was officially proclaimed, in almost every practical sense the period was of negotiation and settlement of terms, and not of actual war.

There is no evidence that the legislature had in mind a special and technical meaning of engagement in war rather than the popular meaning. The validity of the plaintiff's contention would lead to the grant of an exemption to a soldier whose service for thirty days prior to the proclamation of peace was wholly subsequent to the Armistice. Such a result was clearly unintended.

The thoroughly prepared brief furnished in support of the defendants' exception sets forth other reasons for its merit, but it seems unnecessary to fortify this opinion by statement of them.

*Bill dismissed.*