Rockingham
No. 79-002

PAUL A. LANGFORD

STEPHEN W. SANTRY

v.

TOWN OF NEWTON

June 20, 1979

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Donald E. Gartrell* orally), for the plaintiffs.

*Robert Shaw and Norman C. Gile*, of Exeter (*Mr. Gile* orally), for the defendant.

PER CURIAM. This reserved case requires us to review the granting of a petition for abatement of 1976 real estate taxes. RSA 76:17 (Supp. 1977). The Master (*Mayland H. Morse, Jr.*, Esq.) held a hearing and recommended the abatement, and the Court (*King*, J.) approved the report and entered "a decree accordingly." The issues reserved and transferred by the Court (*Contas*, J.) are whether the plaintiffs are "persons aggrieved" as defined by RSA 76:16 and :17 (Supp. 1977), and whether they have complied with the inventory filing requirements of RSA 74:7.

On April 1, 1976, Granite Trust owned the premises that are the subject of this case. It timely filed its 1976 inventory form in compliance with RSA 74:7. On July 1, 1976, the plaintiffs bought the real estate from Granite Trust. The 1976 taxes were prorated on the basis of the 1975 tax bill. The property was assessed by the town as of April 1, 1976, RSA 74:1, and the plaintiffs received notice of the assessed valuation when they received a tax invoice dated December 16, 1976. The plaintiffs paid the tax under protest and filed a timely appeal with the selectmen for an abatement. RSA 76:16. The abatement request was deemed denied because the selectmen neglected to act timely upon it. The plaintiffs then appealed to the superior court. RSA 76:17 (Supp. 1977); *see Bean & Symonds Co. v. Town of Jaffrey*, 80 N.H. 343, 345, 117 A. 12, 13 (1922).

The town claims that the named plaintiffs are not "persons aggrieved" under RSA 76:16 or :17 (Supp. 1977) because the valuation and taxes were assessed against the property as of April 1, 1976, and that Granite Trust, which returned the inventory and was the owner on that date, is the person aggrieved. The town concludes that because a purchaser after the assessment date is not the person assessed, he cannot be a person aggrieved.

■ RSA 76:17 (Supp. 1977) provides that "[i]f the selectmen neglect or refuse so to abate, *any person aggrieved*, having complied with the requirements of RSA 74, may, . . . apply by petition to the superior court . . . , which shall make such order thereon *as justice requires*." (Emphasis added.) The plaintiffs are persons aggrieved and should be allowed to maintain this petition because they were the owners at the time the tax was levied and they have allegedly suffered the injury of being disproportionately assessed. *Cf. Melton v. Personnel Comm'n*, 119 N.H. 272, 401 A.2d 1060 (1979) (holding standing for any person "whose rights may be directly affected" in RSA 541:8 appeals from agency decisions and writs of certiorari. RSA 490:4 (Supp. 1977)). To construe the statute differently would lead to unreasonable and unjust results.

The master found that "no prejudice to the Town results" from allowing the plaintiffs to seek this abatement. The record reveals that the town had timely received all the information requested by it through its inventory form from the previous owner, Granite Trust. We have held that the main purpose of the inventory filing requirement is to assist the authorities in the performance of their duties by providing them with an accurate and comprehensive list of the community's taxable property. *E.g., Parsons v. Town of Durham*, 70 N.H. 44, 45, 47 A. 600, 601 (1899). In the present case, "the inventories as filed gave ... all the information legally necessary to aid them in making their invoices." *Arlington Mills v. Town of Salem*, 83 N.H. 148, 154, 140 A. 163, 166 (1927). The legislature has confirmed that the purpose of filing inventories is primarily informational by declaring:

> It is hereby declared to be in the best interest of cities and towns that the annual inventory form be used by the assessors or selectmen as a means of enabling those officials to perform their duties ... more efficiently. To this end, the annual inventory is to be considered a mandatory requirement. . . ."

Laws 1977, 231:1.

■ The master also rejected the town's argument that because the plaintiffs themselves had not filed an inventory form within fifteen days of April 1, 1976, they were barred from petitioning for a tax abatement. *See* RSA 74:7. The master reasoned that the plaintiffs could not have satisfied this statutory requirement because they were not the owners of the property at the time.

We reaffirm our holding that "to deny justice to one who, being in no fault, has been wronged in the assessment of taxes, would be a glaring departure from that course of justice for which the statute was meant to provide." *Trust & Guaranty Co. v. City of Portsmouth*, 59 N.H. 33, 34 (1879). We find no error in the conclusions reached by the master.

*Exceptions overruled.*