Board of Tax and Land Appeals
No. 2009-604

APPEAL OF THERMO-FISHER SCIENTIFIC, INC.
(New Hampshire Board of Tax and Land Appeals)

Argued: April 22, 2010
Opinion Issued: September 17, 2010

*Hamblett & Kerrigan, P.A.*, of Nashua (*Andrew J. Piela* on the brief and orally), for the petitioner.

*Mark S. Gearreald,* of Hampton, by brief and orally, for the respondent.

HICKS, J. The petitioner, Thermo-Fisher Scientific, Inc. (Thermo-Fisher), appeals an order of the New Hampshire Board of Tax and Land Appeals (BTLA) granting respondent Town of Hampton's (town) motion to dismiss its petition for a tax abatement. Thermo-Fisher argues that the BTLA erred in: (1) denying it standing as a "person aggrieved" under RSA 76:16-a, I (2003); and (2) denying its request to amend its appeal to substitute the name of its subsidiary as the appealing party. We reverse and remand.

The record supports the following. Fisher-Scientific International, Inc. owned Fisher Scientific Company, L.L.C. and Liberty Lane Real Estate Holding Company, L.L.C. (Liberty Lane). The subsidiary, Fisher Scientific Company L.L.C., was the owner of record of taxable real estate in 2006. Around June of 2006, Liberty Lane acquired the property from Fisher Scientific Company, L.L.C. Fisher-Scientific International, Inc. paid the tax bills for 2006 on behalf of both subsidiaries.

In December 2006, Fisher-Scientific International, Inc. merged with Thermo Electron, Inc. to form Thermo-Fisher. After the merger, Fisher Scientific Company, L.L.C. and Liberty Lane became subsidiaries of Thermo-Fisher. Thermo-Fisher used a "cash sweep account" to pay all bills incurred by, and to collect the excess cash of, its subsidiaries.

Thermo-Fisher and its predecessor, Thermo Electron, Inc., paid the 2007 tax bills on behalf of Liberty Lane. In 2007 and 2008, Thermo-Fisher applied for a tax abatement for tax years 2006 and 2007, respectively. The town denied the abatement applications and Thermo-Fisher appealed to the BTLA pursuant to RSA 76:16-a, I. The town filed a motion to dismiss, arguing that Thermo-Fisher lacked standing to pursue the appeal because it was never the title holder of the property in question and, therefore, was not a "person aggrieved" as required to pursue an appeal under RSA 76:16-a. Thermo Fisher objected and sought to amend its appeal to substitute the name of its subsidiary as the appealing party.

The BTLA granted the town's motion to dismiss, finding that Thermo-Fisher was not a "person aggrieved" and, therefore, lacked standing to pursue an appeal. The BTLA reasoned that "the concept of a 'person aggrieved' is [not] elastic and expansive enough to embrace Thermo-Fisher given" the legal relationship between Thermo-Fisher and its subsidiaries, and the fact that the subsidiaries owned the property "and were therefore liable for the tax[es]." The BTLA also stated that "simply paying the tax due (with a corporate check) on behalf of another person or entity . . . is *not* sufficient to qualify as a 'person aggrieved.'" The BTLA denied Thermo-Fisher's motion to amend its appeal because of the "avoidable errors and

inexcusable neglect on the part of [its] tax representative." Thermo-Fisher then filed a motion for rehearing, which the BTLA denied.

On appeal, Thermo-Fisher urges two errors. It contends that the BTLA's narrow construction of "person aggrieved" under RSA 76:16-a, I, contravenes the express language of the statute and is factually erroneous. Thermo-Fisher also claims error in the denial of its motion to amend its appeal.

RSA chapter 541 governs appeals from BTLA decisions. RSA 71-B:12 (2003); *Appeal of Town of Wolfeboro*, 152 N.H. 455, 458 (2005). Under RSA 541:13 (2007), "we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable." *Appeal of Huston*, 150 N.H. 410, 411 (2003). "We will set aside an order of the board if we find that it misapprehended or misapplied the law." *Appeal of Walsh*, 156 N.H. 347, 350-51 (2007) (brackets omitted); *see* RSA 76:16-a, V (2003) (appeal limited to questions of law).

Thermo-Fisher's arguments require us to construe RSA 76:16-a (2003). The interpretation of a statute is a question of law, which we review *de novo. MacPherson v. Weiner*, 158 N.H. 6, 9 (2008). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* We interpret a statute to lead to a reasonable result and review a particular provision, not in isolation, but together with all associated sections. *Id.*

In pertinent part, RSA 76:16-a states:

> I. If the selectmen neglect or refuse to so abate, in accordance with RSA 76:16, any person aggrieved, having complied with the requirements of RSA 74, upon payment of a $65 filing fee, may apply in writing to the board of tax and land appeals. The appeal shall be filed on or before September 1 after the date of notice of tax under RSA 76:1-a, and not afterwards.

RSA 76:16-a, I. RSA 76:16-a does not further define "person aggrieved." While we have previously adopted varied constructions of the phrase under different circumstances, we have not previously examined the phrase within the context of a parent corporation paying taxes on behalf of its wholly-owned subsidiary.

■ In considering whether Thermo-Fisher is a "person aggrieved" under RSA 76:16-a, I, we must first look to the plain and ordinary meaning of the term "aggrieved." The relevant definition of "aggrieved" is "having a

grievance; specif[ically]: suffering from an infringement or denial of legal rights." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 41 (unabridged ed. 2002). In the same vein, a long line of cases state that a "person aggrieved" may be anyone who has allegedly suffered by the disproportionate assessment of taxes. *See, e.g., Langford v. Town of Newton*, 119 N.H. 470 (1979); *Wise Shoe Co. v. Town of Exeter*, 119 N.H. 700 (1979).

In *Langford*, we held the plaintiffs were persons aggrieved under RSA 76:17. *Langford*, 119 N.H. at 472. We reasoned that although the plaintiffs did not own the property when it was assessed, they subsequently paid the taxes levied and, therefore, "they have allegedly suffered the injury of being disproportionately assessed." *Id.* Further, we reasoned "that the town had timely received all the information requested by it" and "to deny justice to one who, being in no fault, has been wronged in the assessment of taxes, would be a glaring departure from that course of justice for which the statute was meant to provide." *Id.* at 472, 473 (quotation omitted). Similarly, in *Wise Shoe*, we held that the plaintiffs, who gained the right to seek an abatement through an assignment, were persons aggrieved under RSA 76:16 and 76:17. *Wise Shoe*, 119 N.H. at 703. We stated that the reasoning in *Langford* applied. *Id.* We noted that "no prejudice to the town resulted" from allowing the appeal because the town received all necessary information. *Id.*

The tax abatement statute must be construed to effectuate its overall purpose. RSA 76:16-a, I, makes clear that the purpose of RSA 76:16-a is for the BTLA to make orders "after inquiry and investigation . . . as justice requires." RSA 76:16-a, I. As such, the focus of the statute is not to favor either party but to promote justice. Consistent with that focus, RSA 71-B:5, I, provides that the BTLA is empowered to "investigat[e], or hold hearings, or take such other action as it shall deem necessary." RSA 71-B:5, I (2003). In the present case, Thermo-Fisher has suffered a legal injury from which RSA 76:16-a, I, provides protection. *See Appeal of Union Telephone Co.*, 160 N.H. 309, 313 (2010) (noting that in determining whether a party has standing to appeal an administrative agency decision, we focus on whether the party has suffered or will suffer an injury in fact). Thermo-Fisher is no less aggrieved than the petitioners in *Langford* and *Wise Shoe*; a disproportionate assessment of land and buildings is an injury to its wholly-owned subsidiaries and, hence, because it paid the allegedly disproportionate taxes, an injury to it.

When the legislature expressly authorized that "any person aggrieved," RSA 76:16-a, I, could apply to the BTLA, it did so to promote

justice by granting standing to any person who has suffered or will suffer an injury in fact by the disproportionate assessment of taxes.

The town argues that Thermo-Fisher should not be allowed to shield itself as owner of a limited liability company (L.L.C.) from its subsidiary's obligations, but also "have standing in its *own* name to seek redress for an aggrievement of that [subsidiary]." It points out that with the corporate shield in place, if the town wanted to bring an action for the property taxes in question against Thermo-Fisher, Thermo-Fisher would have a defense under the Delaware L.L.C. statute. These points, however, confuse the issue. Here, Thermo-Fisher is not shielding itself from liabilities, but instead voluntarily paying its subsidiary's obligations. There is no need, therefore, to bring an action for the taxes in question.

The town also argues that "simply feeling an economic impact from a decision is not enough to make that entity aggrieved." In support, the town cites *Nautilus of Exeter v. Town of Exeter*, 139 N.H. 450 (1995). In *Nautilus*, we held the plaintiffs were not "persons aggrieved" under RSA 677:4, :15. *Nautilus*, 139 N.H. at 452; *see* RSA 677:4, :15 (Supp. 2009). We reasoned that the plaintiffs, who were appealing a planning and zoning board decision, were not "persons aggrieved" because "the only adverse impact that may be felt by the plaintiffs as a result of the . . . decision is that of increased competition with their businesses." *Id.* The present case is distinguishable from *Nautilus*. We find Thermo-Fisher's injury, namely, the payment of allegedly disproportionate taxes, sufficiently different from the alleged increase in competition at issue in *Nautilus* to render that case inapposite.

We hold that Thermo-Fisher is a "person aggrieved" under RSA 76:16-a, I. Having determined that Thermo-Fisher has standing to appeal this case, we need not address the issue of the denial of its request to amend its appeal.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.