Dewey *v.* Stratford.

# DEWEY *v.* STRATFORD.

Non-resident tax-payers are entitled to the same remedies for the abatement of an illegal or unjust tax as residents, upon complying with the requisitions of the statute; and they may properly be holden to have complied with those requisitions, if they have been guilty of no palpable and affirmative violation thereof.

A non-resident petitioner must give security for costs, if insisted upon by the petitionee.

PETITION to the Court of Common Pleas for this county, May term, 1859, for the abatement of an unjust and illegal

non-resident tax. The facts sufficiently appear in the opinion of the court.

*Heywood,* for the petitioner.

*Burns & Fletcher* (with whom were *G. C. Williams* and *Johnson*), for the petitionee, referred to *Osgood* v. *Blake,* 21 N. H. 550, and Briggs' Petition, 29 N. H. 547.

FOWLER, J. By the first section of chapter 44 of the Revised Statutes [Comp. Laws 123], selectmen of towns are authorized, for good cause shown, to abate any tax assessed by themselves or their predecessors. By the second section of the same chapter it is provided, that if they shall neglect or refuse to abate any tax, upon application to them for that purpose, any person conceiving himself aggrieved by their decision, having first complied with the provisions contained in section 4 of chapter 41 of the Revised Statutes, may, within nine months after notice of such tax, and not afterward, apply by petition to the Court of Common Pleas in the same county, who shall make such order thereon as justice may require. By the provisions of section 4 of chapter 41 of the same statutes, every person liable to be taxed in any town is required to exhibit to the selectmen, at the time and place appointed by them for the purpose, or upon personal application by them, or either of them, a true account of the polls and estate for which he is taxable, either in his own right or otherwise, on oath, if required by either of the selectmen, which oath either of the selectmen may administer. Comp. Laws 119.

The petitioner alleges, in substance, that he is the owner of wild lands in Stratford, is himself a resident of Vermont, and so liable to be taxed in said Stratford for said lands as non-resident; that in April, 1858, those lands were improperly taxed to him by the selectmen of said

town, upon a false and fraudulent over-valuation thereof to more than twice the value of said lands, and twice the value at which they should have been appraised, as compared with the appraisal of the real estate of residents in said town at the same time, made for the purpose of compelling the non-resident proprietors to pay a disproportionate share of the taxes of the town; that in August, 1858, he applied to said selectmen and requested them to abate one half the amount of the taxes so improperly assessed against him, but that they refused to abate any part thereof; wherefore he applies to the Court of Common Pleas for relief, having so far complied with the provisions of section 4 of chapter 41 of the Revised Statutes, as by law he was required or had opportunity to do, said selectmen having never appointed and given notice of any time and place when and where he might exhibit to them a true account, under oath or otherwise, of the estate for which he was liable to be taxed, or made personal application to him for such account.

The town of Stratford moves to dismiss the petition upon two grounds; first, because the petitioner, being a non-resident tax-payer, is not entitled to resort to such a proceeding for redress under any circumstances; and, secondly, because, if otherwise entitled to prosecute the petition, he is disqualified so to do by reason of his not having exhibited to the selectmen a true account of the estate for which he was liable to be taxed. Said town also moves that, if allowed to proceed, the petitioner be required to furnish security for costs. There is no suggestion that the alleged grievance is not one proper to be relieved against, if there existed any mode of relief to which the petitioner was at liberty to resort.

We have carefully considered the questions raised by the motion to dismiss, and are of opinion that it must be denied. No reason has been suggested, and none seems to us possible, why the non-resident proprietors of lands

should be excluded from any of the remedies by law provided for the redress of grievances in the matter of wrongful or fraudulent taxation, to which other tax-payers of a town may be entitled. The fact of their non-residence might, on the contrary, very properly be regarded as entitling them to even more liberal opportunities for redress than residents, if any distinction were to be made in favor of either class. The authority of selectmen to abate is not in any way restricted; the right of appeal from their decision is expressly conferred upon every person conceiving himself aggrieved thereby, who has complied with the provision in relation to an exhibition to the selectmen of a true account of his estate, when required so to do; and every person liable to be taxed in town is required to make such exhibit whenever the selectmen, or either of them, may demand it, or whenever they shall appoint and give notice of a time and place when and where they will receive it, as they are by law required to do. Comp. Laws 118. The language of every section of the statutes relating to this subject is general, and broad enough to include non-resident as well as resident tax-payers, and every consideration of justice and equity forbids the exclusion of the former class from the privileges for redress to which the latter are entitled.

But it is contended that if the petitioner came within the letter as well as the spirit of the law giving relief against unjust and injurious taxation, he has lost the rights he might otherwise have been entitled to, by neglecting to exhibit to the selectmen a true account of his property. It seems to us a sufficient answer to this position, that he has done all he was required, or had opportunity to do. He was never personally requested by the selectmen, or either of them, to exhibit such account, and by their own neglect of duty in omitting to appoint and give notice of a time and place when and where the same might be presented to them, they have deprived him of any opportu-

Dewey *v.* Stratford.

nity to exhibit it. He has been guilty of no neglect of duty, and has omitted to comply with no actual or legal requirements of the selectmen. It is apparent that he has neither done nor omitted to do any thing whereby the selectmen can have been misled in making the assessment. The alleged grievance is not, that he has been improperly taxed for lands or other property he did not own, but that the lands he did own, and for which he was liable to be taxed, have been falsely and fraudulently over-valued, for the purposes of injustice and wrong. Any account he might have given of his estate could not have prevented this evil. The selectmen knew the lands to be assessed to the petitioner; to determine their taxable value was peculiarly and exclusively the province of the selectmen themselves; and, from the nature of the case, the petitioner could have done nothing to prevent the gross injustice of which he complains.

The statute under consideration is a remedial one, to be construed liberally for the sake of the remedy; and we think it may well be holden, that a non-resident tax-payer, who conceives himself aggrieved by the refusal of selectmen to abate an alleged wrongful and fraudulently assessed tax, has complied with its provisions, if he has been guilty of no palpable and affirmative violation of its requirements, especially where, as in the present case, it is obvious that the rendition of a true account of the estate liable to taxation could only have furnished the selectmen with the same information they already possessed.

The motion to dismiss the petition must, therefore, be denied. As the petitioner confessedly resides beyond the limits of the State, according to the uniform practice of our courts the petitionee is entitled to security for costs, if the motion for such security be insisted upon.

*Motion to dismiss denied—security for costs to be furnished.*