## LARKIN *v.* PORTSMOUTH.

The court cannot consider a petition for the abatement of a tax, unless it is presented within nine months after notice of the tax, according to the provisions of Gen. St., *c.* 53, *s.* 11.

PETITION for the abatement of a tax, filed June 12, 1877, more than nine months after notice of the tax. The facts appear in the opinion.

*Hackett,* for the plaintiff.

*Foster,* for the defendants.

ALLEN, J. The tax was assessed against the plaintiff, a resident of Portsmouth, April 1, 1877, upon $3,000, money at interest. He had no money on hand, at interest, or on deposit. Before the assessment, the assessors gave seasonable notice to all persons liable to taxation, by posting a notice at the city hall and by publishing it in the newspapers, to render an account of their polls and estate. The plaintiff had no information of the notice, and rendered no account. He made application in writing to the assessors for an abatement of the tax, September 3, 1877. This was considered by them, and refused, December 13, 1877.

Selectmen and assessors may, for good cause, abate any tax assessed by them and their predecessors. If the assessors refuse, the person aggrieved, having first complied with the provisions of the law requiring a return under oath of his taxable property, may, within nine months after notice of the tax, and not afterwards, apply to the court for an abatement. Gen. St., *c.* 53, *ss.* 10, 11. If the plaintiff were equitably entitled to relief, by reason of accident, mistake, or misfortune, in his failure to make the required return (Gen. St., *c.* 51, *s.* 2), and by the submission of his sworn statement that it was not in his power to make it (*id., s.* 5), there is still the statute bar limiting the right of petition to the court for abatement to the period of nine months after notice of the tax. A plain and positive provision of law cannot be disregarded, even for the purpose of correcting gross injustice. Relief has never been given against the general statute of limitations to a creditor with a just claim, who, through mistake or misfortune, has failed to seasonably bring his action (*Peabody's Petition,* 40 N. H., 342); and the special statute limiting the time within which a petition for the abatement of an unjust tax must be brought is as binding as any other statute. The petition was presented too late, and cannot be entertained.

*Petition dismissed.*

SMITH, J., did not sit: the others concurred.