FARMINGTON v. DOWNING & a.

The doctrine of *Weston* v. *Manchester*, 62 N. H. 574, and *Peavey* v. *Greenfield*, 64 N. H. 284, that the excess only of the *par value* of national bank stock over the amount of the owner's interest-bearing indebtedness is liable to taxation, is applicable to a non-resident owner of bank shares.

The assessment of a tax being in the nature of a judgment, and reviewable only upon a petition for abatement, no relief can be had unless the petition is filed within nine months after notice of the tax, the time fixed by Pub. Sts., *c.* 59, *s.* 11.

| | |
|---|---|
| 67 | 441 |
| 68 | 188 |
| 68 | 470 |
| 67 | 441 |
| 70 | 46 |
| 67 | 441 |
| 71 | 475 |
| 67 | 441 |
| f74 | 9 |

BILL IN EQUITY, to compel the payment of the taxes hereinafter mentioned. Facts agreed. April 1, 1890, Downing was the owner of fifty shares of the capital stock of the Farmington National Bank of Farmington, and was assessed a tax thereon in Farmington of $129.25. April 1, 1891, he was the owner of one hundred shares of stock, and was assessed a tax thereon in Farmington of $283. The shares at the time of the respective assessments were, ever since have been, and still are pledged by Downing to the Cochecho Savings Bank as collateral security for money owing by him to the latter bank in a sum equal to the par value of the shares, and upon which he was and still is paying interest. April 1, 1890, Downing was and ever since has been a citizen and resident of Haverhill in the state of Massachusetts. The plaintiffs have exercised due diligence, and have been unable to collect either tax. The two banks are defendants with Downing. Downing claims that the shares were not liable to taxation because of his indebtedness to the savings-bank. The question the parties intend to raise by the foregoing agreed statement of facts is, whether the doctrine of *Weston* v. *Manchester*, 62 N. H.

574, and *Peavey* v. *Greenfield*, 64 N. H. 284, applies to a non-resident. If it does, Downing is entitled to the benefit of it.

*George E. Cochrane*, for the plaintiffs.

*Robert G. Pike*, for Downing.

CLARK, J. State taxation of national bank shares is permitted, subject to the restriction that it shall not be at a greater rate· than is assessed upon other moneyed capital in the hands of individual citizens of the same state. U. S. Rev. Sts., s. 5219. For taxable purposes Downing's national bank stock is to be treated as money on hand or at interest; and if he had been a resident of this state, the excess only of the par value of the stock over his interest-bearing indebtedness would have been taxable *( Weston* v. *Manchester*, 62 N. H. 574, *Peavey* v. *Greenfield*, 64 N. H. 284), and as there was no excess, there would be nothing to tax. The taxable value of the shares is not determined by the residence of the owner. If the stock would not have been taxable to Downing as a citizen of New Hampshire, it was not taxable to him as a citizen of Massachusetts. The imposition of a higher tax upon him as a citizen of Massachusetts than he would be obliged to pay as a citizen of this state would be in conflict with the provision of the federal constitution, that the citizens of each state shall be entitled to the privileges and immunities of citizens of the several states. Const. of U. S., *art.* 4, *s.* 2, *part* 1; Cool. Tax. 64. As the deduction on account of the owner's indebtedness can be made only where the tax is assessed, Downing could not avail himself of it in Massachusetts. A non-resident is not required to furnish an account or inventory of his taxable property. P. S., *c.* 57, *s.* 6; *Dewey* v. *Stratford*, 40 N. H. 203; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455; *Carpenter* v. *Dalton*, 58 N. H. 615.

Downing, however,· cannot avail himself of the defence that his bank stock was not taxable, or that the tax is excessive. The assessment being in the nature of a judgment cannot be impeached collaterally in this proceeding. His remedy was by an application to the selectmen for an abatement, and, in case of their refusal to abate, by petition seasonably made to the supreme court to abate the tax. On the appeal a hearing could be had and any error in the assessment corrected. *Edes* v. *Boardman*, 58 N. H. 580; *Locke* v. *Pittsfield*, 63 N. H. 122; *School District* v. *Carr*, 63 N. H. 201, 206; *School District* v. *Orford*, 63 N. H. 277; *Boody* v. *Watson*, 64 N. H. 162, 165. As a petition for abatement must be present-ed to the supreme court within nine months after notice of the tax (P. S., *c.* 59, *s.* 11), it is now too late to make the application, and Downing can have no relief. *Larkin* v. *Portsmouth*, 59 N. H. 26.

*Case discharged.*

SMITH, J., did not sit: the others concurred.