### PARSONS *v.* DURHAM.

Selectmen have no authority to waive the filing of the tax inventory required by section 8, chapter 57, of the Public Statutes.

The right of appeal to the supreme court for an abatement of taxes is not lost by a failure to comply with the statutory requirement for the filing of an inventory, through accident, mistake, or misfortune.

Upon the question whether a taxpayer was prevented from filing an inventory through accident, mistake, or misfortune, evidence of his ignorance of the law is competent.

PETITION, for an abatement of taxes. Decree for the plaintiff. In 1897, the selectmen neglected to furnish the plaintiff with a blank inventory. April 15, he went before them and made a true statement of all his taxable property, and would have filled out and sworn to an inventory if they had not told him it was unnecessary. Subject to exception, he testified that he was ignorant of the law regarding the matter and relied upon the statement of the selectmen. The defendants moved to dismiss the petition because the inventory was not filed. The motion was denied, subject to exception.

*John Kivel* and *George T. Hughes*, for the plaintiff.

*Edgerly & Mathews*, for the defendants.

PIKE, J. If the selectmen to whom application is made to abate a tax shall "neglect or refuse so to abate, any person aggrieved, having complied with the requirements of chapter fifty-seven, may . . . apply by petition to the supreme court . . . who shall make such order thereon as justice requires." P. S., *c.* 59,

*s.* 11. "Every person . . . shall fill out the blank inventory in all respects according to its requirements, . . . and shall deliver such inventory to the selectmen or assessors on or before the fifteenth day of April of that year." P. S., *c.* 57, *s.* 8. The defendants' motion to dismiss was based upon the claim that the requirements of the latter section had not been complied with. The plaintiff says (1) that the selectmen waived the filing of the inventory, and (2) that he neglected to file it through accident, mistake, and misfortune.

The first of these positions cannot be maintained. The selectmen not only have no power to waive the filing of inventories, but they are liable to a penalty if they willfully fail to enforce the law. It is not solely for the benefit of the selectmen that the inventory is required. The town and its taxpayers are also interested. The main purpose of the inventory is to obtain a true list of all taxable property in the town. Every taxpayer is interested in this, for a just assessment of his tax depends upon having a full and true list of all other taxable property as well as of that of his own. It is more likely that such a list will be obtained if each taxpayer is compelled to make an inventory in writing under oath (P. S., *c.* 57, *ss.* 8, 9), thereby rendering himself liable to be punished if he swears falsely (*Ib., s.* 11); if he is rendered liable to be doomed in case he willfully fails to make the inventory in the way provided (*Ib., s.* 15); and if he is deprived of a right to petition the supreme court for an abatement of his tax in case he willfully neglects to furnish an inventory. *Ib., c.* 59, *s.* 11. The selectmen had no power to waive this important requirement. The same conclusion has been reached in Massachusetts, under a somewhat similar statute. *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477, 483.

The section of the statute under which the petition is brought (P. S., *c.* 59, *s.* 11) has been substantially in its present form since 1842. R. S., *c.* 44, *s.* 2; G. S., *c.* 53, *s.* 11; G. L., *c.* 57, *s.* 12. Prior to its re-enactment in 1891, the court held that if the failure to comply with the requirements of another part of the statute, referred to therein, was due to accident, mistake, and misfortune, without fault on the part of the plaintiff, the failure did not prevent the maintenance of a petition for abatement. *Trust Co.* v. *Portsmouth,* 59 N. H. 33. The same principle was recognized in *Larkin* v. *Portsmouth,* 59 N. H. 26. The re-enactment of this section in 1891, without change, was an adoption of the judicial interpretation that had been given to it (*Tomson* v. *Ward,* 1 N. H. 9; *Mooers* v. *Bunker,* 29 N. H. 420; *Frink* v. *Pond,* 46 N. H. 125; *Jewell* v. *Holderness,* 41 N. H. 161, 163), unless it appears, as the defendants claim, that the legislature attached a different meaning to the language. It is suggested that the language was

not then used with the meaning that had been given to it by the court, and that a different understanding of the language appears from section 9 of the same chapter, then first adopted.   This section is as follows: "If the blank inventory is not delivered to any person or corporation on or before the fifteenth day of April, or if any person is prevented by accident, mistake, or misfortune from making return thereof on or before that day, such person or corporation shall make such return before the first day of May." The defendants contend that by this enactment the legislature dealt fully with the question of accident, mistake, and misfortune, and limited the right to maintain a petition for an abatement of a tax to those who file an inventory by May 1.   Such a construction would compel the taxpayer, who has been prevented from filing a inventory by causes above stated, to suffer for that which he had no power to prevent, and this would be contrary to equitable principles. *Perry's Petition*, 16 N. H. 44; *Edes* v. *Boardman*, 58 N. H. 580; *Trust Co.* v. *Portsmouth*, 59 N. H. 33; *Larkin* v. *Portsmouth*, 59 N. H. 26; *Farmington* v. *Downing*, 67 N. H. 441; *Kent* v. *Exeter*, 68 N. H. 469.   It would also be ineffectual; for if a taxpayer, without fault, is prevented from making a return, a penalty for his failure would be inoperative to cause one to be made. This section was not designed to relieve taxpayers from the consequences of their failure to make a return, but to aid the assessors in making invoices.   Prior to 1891, if a taxpayer was prevented by accident, mistake, and misfortune from filing his inventory before the fifteenth day of April, he was not bound to file it at all; and yet by reason of his omission was not deprived of his right of petition for an abatement of his tax.   *Trust Co.* v. *Portsmouth*, *supra*.   Now he is bound to file it by May 1, if the accident, mistake, or misfortune is previously discovered.   If not then discovered, the taxpayer subsequently has the same remedy as under the statute before the amendment of section 9.

Whether the plaintiff was prevented from filing his inventory by the causes above stated was a question of fact to be determined at the trial term, and upon this question evidence of his ignorance of the law was competent. *Parker's Appeal*, 15 N. H. 24, 26; *Tilton* v. *Tilton*, 35 N. H. 430, 433; *Bolles* v. *Dalton*, 59 N. H. 479; *Kelsea* v. *Manchester*, 64 N. H. 570.   Although some evidence relating to this question has been reported, the fact itself has not been found.   If, upon a further hearing, it appears that the plaintiff was thus prevented, he is entitled to maintain his petition; otherwise, there should be judgment for the defendants.

*Case discharged.*

YOUNG, J., did not sit: CHASE and PEASLEE, JJ., dissented: the others concurred.