Hillsborough, }
Feb. 2, 1915. }

### EBEN L. BARTLETT *v.* NEW BOSTON & a.

To gain a residence in a town, a person must go there with the intention of remaining and making that place his home.

Certain evidence deemed sufficient to warrant the finding that one visiting a town and declaring it his residence intended to return to the town whence he came and to make the latter place his home.

One who fails to return an inventory of property for which he is taxable has no right of appeal from any taxes assessed against him for that year.

PETITION, for the abatement of taxes assessed against the plaintiff by the defendant town, for the years 1911 and 1912. Transferred from the May term, 1914, of the superior court by *Pike*, C. J.

The plaintiff lived in Deering from April 28, 1893, to January, 1894, and then removed to New Boston. He retained ownership of the house in Deering and has occupied it whenever his business took him to that town. From 1894 to 1902 he had a woman come and do the work whenever he had occasion to occupy the Deering house, from 1902 to 1906 he kept a servant in the house, and since 1906 he has employed her whenever he has remained in Deering for any considerable time. He refused to return an inventory for 1910, and the selectmen of New Boston doomed him. He announced that he should leave the town if he was compelled to pay the tax, and on March 25, 1911, he drove to Deering, told the selectmen that he was a resident of that town, and was taxed there for the years 1911 and

1912.   He remained in Deering two days at that time and returned again on March 31 for a stay of a day or two.   Although the plaintiff claimed to be a resident of Deering, he has in fact lived. and made his home in New Boston since March 25, 1911, just as he had done since 1894.   During all the time he lived with his family in New Boston, he had been accustomed to make trips to Deering two or three times a month and stay there from one day to a week, the length of his stay depending on the time required to look after his property in that town.   Since 1911, his visits to Deering have not been longer nor more frequent than before that year.   The tax commission having found that the plaintiff was a resident of New Boston when the taxes in question were assessed, he moved that this finding be struck from the report as contrary to the evidence and excepted to a denial of the motion.

*Branch & Branch* (*Frederick W. Branch* orally), for the plaintiff.

*Wason & Moran* (*Mr. Wason* orally), for the defendant.

YOUNG, J.   The only question of law it will be necessary to consider is whether there is any evidence to sustain the finding excepted to; in other words, whether fair-minded men can reach any other conclusion than that the plaintiff was a resident of Deering when one or both of these taxes were assessed.   It is conceded that he was a resident of New Boston when he started for Deering on March 25, 1911.   Consequently he is a resident of that town unless he went to Deering on that or some subsequent day, intending to remain there and make that town his home.   *Leach* v. *Pillsbury,* 15 N. H. 137, 138.

To gain a residence in a town, a person must not only go there, but must go with the intention of remaining and making it his home for a more or less definite time.   Therefore, if the plaintiff had intended to reside in Deering and make his home in that town when he went there on March 31, 1911, he would have been a resident of that town on April 1, even though he decided some time during the day to return to New Boston.   But instead of these facts conclusively appearing, as the plaintiff contends, the evidence warrants the finding that when the plaintiff went to Deering he had no intention of remaining there and making that town his home; for he neither moved his family nor made any preparations to move them to that town, but continued to live with them in New Boston, just as he

had done for the preceding seventeen years.    In short, the evidence warrants the finding that whenever the plaintiff has gone to Deering he has gone with the intention of returning to New Boston and making that town his home.

It would be useless to consider the plaintiff's other contentions. Section 8, chapter 57, of the Public Statutes, made it his duty to fill out a blank inventory and deliver it to the selectmen of New Boston on or before April 15 in each year; and having failed to perform this· duty, he cannot question the validity of the selectmen's action in taxing him for property owned by him, but returned for taxation by his son and grandson.   Section 11, chapter 59, of the Public Statutes, which gives the right of appeal,· bases that right on compliance with the provisions of sections 8 and 9 of chapter 57.   It is therefore immaterial here whether his contention that the real estate which he owned ought to have been taxed to his son and grandson is well founded.    He failed to return an inventory of other property for which he was taxable, and this failure cuts off his right to appeal from any of the taxes included in the assessment of that year.    The argument that on tax appeals equity is done cannot apply when there is no appeal; and the suggestion that New Hampshire procedure regards the substance rather than the form comes to nothing, for the substance of the law on this subject is that one who has conducted as the plaintiff did has no redress against the judgment of the assessors in levying taxes upon his estate.

                                                      *Exception  overruled.*

All  concurred.