HENRY M. FITZGERALD *v.* ALBERT P. LAWSON & *a.*

*Grinnell & Grinnell (Mr. George H. Grinnell* orally), for the plaintiff.

*Waldron, Boynton & Waldron (Mr. Boynton* orally), for the defendants.

JOHNSTON, C. J. The finding of the Referee was that the written agreement upon which the action is based was altered and that the alteration was a material one. Since no record of the testimony was preserved, any claim that the plaintiff's evidence was conclusive cannot be raised. Therefore, the sole issue is whether any error of law appears. *Towne* v. *Davis*, 66 N. H. 396, 399.

The contract purports to be dated July 25, 1949, although the insertion is in a blank, top portion of the printed sheet, no line being

provided for the purpose. It was found that the agreement was executed on or about May 2, 1949. There was evidence that the plaintiff advertised the property for sale in a Boston Sunday paper on May 22, 1949, and that the defendants received a down payment of one hundred dollars directly from the buyer on July 13, 1949. This was evidence to support the finding of the date of the execution of the contract and the finding that the instrument was altered.

The alteration was as a matter of law a material one. A material alteration is one that changes the legal effect of an instrument. Thus, "A change in the date of an instrument which alters the legal effect thereof, as where the rights or liabilities of the parties are affected, is a material alteration and vitiates the instrument." 3 C. J. S. 927. See also, *Martendale* v. *Follet*, 1 N. H. 95. Changing the date of the contract from May 2 to July 25 would have the effect of extending the stated period of two months for an exclusive right to sell, by almost another two months. The fact that the plaintiff may have already earned his commission and have acted in ignorance of it, is immaterial.

Since the alteration was a material one, the Referee correctly found for the defendants. *Martendale* v. *Follet, supra; Smith* v. *Mace*, 44 N. H. 553.

Also, where the plaintiff has materially altered a written contract with the intention of varying the rights or interests, duties or obligations of any of the parties, he cannot recover for his services under the common counts. *Smith* v. *Mace, supra;* 127 A. L. R. 343.

*Judgment for the defendants.*

All concurred.