Hillsborough
No. 6400

Robert Perkins Thayer

v.

State Tax Commission

March 29, 1973

*Robert Perkins Thayer,* pro se.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney, for the defendant.

PER CURIAM. This is an appeal from an order of the Superior Court (*Johnson,* J.) granting a motion of the defendant tax commission to dismiss the plaintiff's petition.

The case was tried by the court, but there is no transcript of the evidence. Therefore, the only question before us is whether any error of law appears on the record. *Fitzgerald v. Lawson,* 96 N.H. 447, 78 A.2d 527 (1951).

The essential facts apparently are undisputed. The plaintiff was dissatisfied with the selectmen's assessment made on his real estate and sought an abatement. RSA 76:16. The selectmen declined to act and the plaintiff, aggrieved by this decision, endeavored to appeal to the tax commission under RSA 76:16-a which provides as follows: "If the selectmen neglect or refuse so to abate, any person aggrieved, having complied with the requirements of chapter 74, upon payment of an application fee of ten dollars, may, within six months after notice of such tax, and not afterwards, apply in writing to the state tax commission, which after due inquiry and investigation shall make such order thereon as justice requires."

It is elementary that the plaintiff's remedies are statutory and that he can succeed only by following the statutory conditions. *Kaemmerling v. State,* 81 N.H. 405, 406, 128 A. 6, 7 (1924). In the present case, he not only never alleged in his petition that he had complied with RSA ch. 74, but further asserted that he will not pay the $10 filing fee as required by RSA 76:16-a.

Notwithstanding this, the commission apparently tried to investigate the plaintiff's complaints as required by RSA 76:16-a and sent a representative to examine the property. The plaintiff denied the representative admission to his house, stating that the interior [of the house] was "out of bounds".

It is clear that no appeal is or was properly pending before the commission, since the plaintiff has never fulfilled the statutory requirements for perfecting an appeal. In this situation, the superior court had no jurisdiction over the case and the defendant's motion to dismiss was properly granted. *Winnipiseogee etc. Co. v. Laconia,* 74 N.H. 82, 84, 65 A. 378, 379 (1906). *See also Bartlett v. New Boston,* 77 N.H. 476, 93 A. 796 (1915); *cf. H.J.H. Inc. v. State Tax Commission,* 108 N.H. 203, 205, 230 A.2d 739, 740 (1967).

An examination of the record contained in the reserved case discloses no error, and the order is

*Judgment for the defendant.*