Board of Taxation
No. 7604

PELHAM PLAZA v. TOWN OF PELHAM

February 28, 1977

*Winer, Lynch, Pillsbury & Howorth,* of Nashua (*Mr. H. Philip Howorth* orally) for the plaintiff.

*Soule, Leslie & Bronstein,* of Salem and *Gerald M. Zelin* (*Mr. Zelin* orally) for the defendant.

KENISON, C.J. Louis Fineman, as trustee, brought this action in behalf of Pelham Plaza, a shopping center in Pelham, New Hampshire. On August 25, 1975, the board of taxation denied the plaintiff's application for an abatement of the taxes on the Plaza property. The plaintiff did not appeal this decision within thirty days as required by RSA 76:16-a V (Supp. 1975) and *Demoulas v. Salem,* 116 N.H. 775, 367 A.2d 588 (1976). Instead, he filed a petition for a rehearing, RSA 541:3, which the board denied. He now appeals the denial of the rehearing petition. If the rules laid down in Demoulas applied to this case, our inquiry in this appeal would be limited to whether the board abused its discretion in denying the rehearing. As we stated in *Demoulas,* we will no longer consider the propriety of the abatement decision itself in an appeal from a denial of a rehearing. The taxpayer must appeal the abatement denial in accordance with RSA 76:16-a V (Supp. 1975). However, because the events in this case occurred prior to the effective

180

date of the *Demoulas* rules, our review will not be so limited; we will decide in this appeal whether the board properly denied an abatement in the plaintiff's taxes.

The board explained its decision to deny the abatement in three sentences. We would prefer that the board articulate its factual findings and legal conclusions with greater specificity. *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 336 A.2d 591 (1975). However, the order is not so general that we are unable to ascertain at least one decisional basis upon which we may sustain the board's decision. *Vickerry Realty Company Trust v. Nashua,* 116 N.H. 536, 364 A.2d 626 (1976). As one basis for its decision, the board stated that the plaintiff did not file his inventory of taxable property in accordance with the requirements of RSA 74:7. This provision requires all owners of taxable property to fill out completely a certain inventory sheet which the town assessors mail to every taxpayer every year. These forms must be returned by April fifteenth. Generally, the penalty for noncompliance is loss of the right to appeal to the board for an abatement. *Bartlett v. New Boston,* 77 N.H. 476, 93 A. 796 (1915); *Parsons v. Durham,* 70 N.H. 44, 47 A. 600 (1900); W. Howes, Tax Collecting in New Hampshire 147–50 (1941). A warning is printed in capital letters on the top of the inventory sheet itself. It states:

THIS INVENTORY AND APPLICATION FOR VETERAN'S EXEMPTION MUST BE FILLED IN, SIGNED AND RETURNED TO THE SELECTMEN OR ASSESSORS ON OR BEFORE APRIL 15, 1975. IF AN INVENTORY IS NOT FILED IN ACCORDANCE WITH THE LAW THERE IS NO LEGAL BASIS FOR THE BOARD OF TAXATION OR THE COURT TO CONSIDER AN APPLICATION FOR ABATEMENT. UNLESS THIS FORM IS SIGNED WHERE REQUIRED IT IS INVALID.

Because of the way the sheet is folded and mailed, the warning ends up appearing beneath the postage stamp on the face of the "envelope" so that it is visible both when the taxpayer receives the form and when he fills it out.

The board found that the plaintiff did not list his property as required and did not file the inventory on time. Without any supporting authority, the plaintiff argues that the board

abused its discretion by denying the abatement on these grounds. This argument reflects a misunderstanding of the relationship between the requirement of complying with RSA chapter 74 and the right to appeal to the board. RSA 76:16-a I (Supp. 1975) makes clear that compliance with RSA chapter 74 is a condition precedent to the right to appeal. If the board finds the taxpayer in violation of the chapter, it must deny the abatement. RSA 76:16-a I (Supp. 1975) does not confer upon the board discretion to permit an appeal by a noncomplying taxpayer. *See Parsons v. Durham,* 70 N.H. 44, 47 A. 600 (1900). Because no discretion is exercised, the abuse of discretion standard is inapplicable.

 The plaintiff does not dispute that he failed to comply with RSA 74:7. He relies exclusively upon RSA 74:8 which extends the filing deadline to June first when the taxpayer "is prevented by accident, mistake or misfortune" from filing on or before April fifteenth. Whether a person was prevented by accident, mistake or misfortune from complying with the inventory filing requirements is a question of fact. *Parsons v. Durham,* 70 N.H. at 46, 47 A. 602; *Trust Co. v. Portsmouth,* 59 N.H. 33 (1879). Such findings are final and conclusive upon this court. *Paras v. Portsmouth,* 115 N.H. 63, 335 A.2d 304 (1975); *Amoskeag Mfg. Co. v. Manchester,* 70 N.H. 200, 46 A. 470 (1900).

The record of the board's proceedings reveals that, at least by means of an affidavit and a motion for rehearing, the taxpayer argued to the board that his noncompliance with RSA 74:7 was excusable under RSA 74:8. The problem is that the board did not explicitly find for or against the taxpayer on his section 8 claim. Such a finding is implicit in one board member's written comment that the plaintiff had "probably no excuse" for not complying. More important, an adverse finding on the section 8 argument is implicit in the board's ultimate decision. However, because of the serious consequences of noncompliance and absent an explicit finding by the board, we are hesitant to summarily sustain the denial of the abatement. We will therefore discuss the circumstances surrounding the plaintiff's actions for the purpose of elaborating upon the board's abbreviated opinion.

The taxpayer's excuse is as follows: Because his 1974 taxes were the same as those in 1973 and the status of his property did not change in 1975, he did not anticipate a change in his 1975 assessment and believed, therefore, that the inventory filing require-

ment did not apply to him. We support the board's implicit rejection of this excuse. RSA 74:5 requires the selectmen to mail an inventory to all owners of taxable property, not just those whose assessments may change from the previous years. RSA 74:7 likewise requires all taxpayers, without exception, to complete and return the inventory sheets. The record demonstrates that the plaintiff is familiar with these requirements. In 1973 he requested and received an abatement on part of the property that is involved in this case. For that year he duly filed an inventory sheet. The plaintiff has been unable to explain satisfactorily why he suddenly filed on April 16 if he steadfastly believed that he did not have to file because his assessment would remain unchanged.

The words "accident, mistake or misfortune" " 'ordinarily import something outside of the petitioner's own control, or at least something which a reasonably prudent man would not be expected to guard against or provide for.' " *Leviston v. Standard Historical Soc'y*, 133 Me. 77, 79, 173 A. 810, 812 (1934). Accordingly, we have held that RSA 74:8 applies only where the taxpayer is without fault and had no power to prevent the late filing. *Parsons v. Durham*, 70 N.H. 44, 47 A. 600 (1900).

The taxpayer cites no cases to support his position but we have found a few in which a taxpayer's noncompliance was excused. In some of these cases the taxpayer nonnegligently and without intent to deceive the assessors failed to provide complete and accurate information. *E.g., Verney Corporation v. Peterborough*, 104 N.H. 368, 188 A.2d 50 (1962); *Amoskeag Mfg. Co. v. Manchester*, 70 N.H. 200, 46 A. 470 (1900). In other cases the taxpayer never filed an inventory but was excused because the assessors never requested an accounting, *Dewey v. Stratford*, 40 N.H. 203 (1860), or because the taxpayers were nonresidents who never received the form, who never owned any real estate or did any business in New Hampshire, who had no knowledge of the requirement and who lived in states that did not require such property inventories. *H.J.H. Inc. v. State Tax Comm'n*, 108 N.H. 203, 230 A.2d 739 (1967). These cases are clearly distinguishable from the one before us.

We think inexcusable neglect accounts for the plaintiff's noncompliance. " 'If judgment goes against a litigant by reason of his neglect . . . , he has not thereby suffered an injustice, but rather the natural consequences of his own neglect.' " *Leviston v. Standard*

*Historical Soc'y*, 133 Me. at 79, 173 A. at 812; *see Arlington American Sample Book Company v. Board of Taxation*, 116 N.H. 575, 364 A.2d 878 (1976). We have reviewed the merits and find no injustice. In a case in which the tax bill was erroneous, we refused to disregard a plain and positive deadline for petitioning for a tax abatement. *Larkin v. Portsmouth*, 59 N.H. 26 (1879). RSA 76:16-a I (Supp. 1975) and RSA 74:7 are as binding as any other statute. The plaintiff filed his inventory too late. The board implicitly found as a matter of fact that the taxpayer did not come within the exception in RSA 74:8. If we overruled the board we would in effect repeal RSA 74:7. The board properly denied the appeal. *Id. Farmington v. Downing*, 67 N.H. 441, 30 A. 345 (1893); *see Thayer v. State Tax Comm'n*, 113 N.H. 113, 302 A.2d 824 (1973).

*Plaintiff's exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.