Board of Tax and Land Appeals
No. 98-201

## APPEAL OF SHANE BRADY
### (New Hampshire Board of Tax and Land Appeals)

October 16, 2000

*Wenger & Cronin, P.C.*, of Bedford (*John F. Bisson* and *John G. Cronin* on the brief, and *Mr. Cronin* orally), for the petitioner.

*Michael L. Donovan*, of Concord, by brief and orally, for the respondent, Town of Hillsborough.

DALIANIS, J. The petitioner, Shane Brady, appeals the dismissal of his property tax abatement appeal by the New Hampshire Board of Tax and Land Appeals (board). We affirm.

The following facts are undisputed. On April 22, 1997, the petitioner purchased commercial property in Hillsborough upon which back taxes were owed. The petitioner sought an abatement of the 1996 property taxes from the Town of Hillsborough (Town). The Town granted a partial abatement, and the petitioner appealed to the board. After learning that the Town had mailed an inventory form to the petitioner's predecessor in title in March 1996 and that no one had filed it, the board notified the petitioner that it would

dismiss his appeal unless he produced evidence that the inventory form had been timely filed. In response, the petitioner notified the board that he was unable to file the form by April 15, 1996, because he did not own the property until the following year. Citing RSA chapters 74 and 76, the board dismissed the petitioner's appeal because the requisite inventory form was not filed. The petitioner moved for reconsideration, which the board denied. This appeal followed.

The petitioner assigns three errors to the board's decision. First, he asserts that the board should have excused his failure to file the required form because it was the result of accident, mistake, or misfortune, and because he was not at fault. Second, he argues that the board erred in dismissing his appeal under RSA chapter 74 absent evidence that the Town first complied with the statute. Finally, he asserts that the board's interpretation of the inventory requirement violates Part I, Article 14 of the State Constitution.

"The powers of the board and the rights of taxpayers appearing before the board are entirely statutory and are limited by the terms of the statute." *Appeal of Gillin*, 132 N.H. 311, 313, 564 A.2d 459, 460 (1989) (quotation omitted). RSA 74:7-a provides in pertinent part:

> Any person who fails to file a fully completed inventory form on or before April 15, unless granted an extension under RSA 74:8, shall pay a penalty . . . . Any person who fails to file an inventory form and who becomes liable to pay the penalty specified in this section shall lose the right to appeal the denial of an abatement which is claimed on the grounds of improper assessment valuation . . . .

RSA 74:7-a, I (Supp. 1997). RSA 76:16-a, I (Supp. 1999) provides that "any person aggrieved, having complied with the requirements of RSA 74" may appeal the Town's failure to abate property taxes to the board. "RSA 76:16-a, I . . . makes clear that compliance with RSA chapter 74 is a condition precedent to the right to appeal. . . . RSA 76:16-a, I . . . does not confer upon the board discretion to permit an appeal by a noncomplying taxpayer." *Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 181, 370 A.2d 638, 640 (1977) (construing an earlier version of the statute).

The petitioner concedes that he failed to file a 1996 inventory. He argues, however, that the board should have excused his failure to file because it was the result of accident, mistake, or misfortune and because he was not at fault. We disagree. The plain language of

RSA chapter 74 does not permit the board to excuse the petitioner's failure to file the inventory. By statute, the only discretion that the board may exercise is to extend the filing deadline from April 15th to June 1st. *See* RSA 74:7-a, I, :8 (1991); *Pelham Plaza*, 117 N.H. at 181, 370 A.2d at 640-41.

■ The petitioner maintains, in effect, that he should not be bound by the previous owner's failure to file the 1996 inventory form. This argument is also unavailing. We have previously held that "an owner who purchased the premises after April 1, and who naturally had not filed an inventory on or before April 1, . . . could maintain a petition for abatement of that year's taxes *provided his predecessor in title had timely filed an inventory.*" *Wise Shoe Co. v. Town of Exeter*, 119 N.H. 700, 702, 406 A.2d 720, 722-23 (1979) (citations omitted) (emphasis added). The filing of an inventory form is a jurisdictional prerequisite to maintaining an appeal; absent an inventory form, no appeal may be had. *See Pelham Plaza*, 117 N.H. at 181, 370 A.2d at 640.

The petitioner's reliance on *H.J.H., Inc. v. State Tax Commission*, 108 N.H. 203, 230 A.2d 739 (1967), and earlier decisions is misplaced. Those cases were decided prior to the enactment of RSA 74:7-a, I, which makes clear that failure to file an inventory form results in the loss of the right to appeal. *See Rye Beach Country Club v. Town of Rye*, 143 N.H. 122, 125, 719 A.2d 623, 625 (1998).

The petitioner next argues that he should not have lost his right to appeal absent evidence that the Town complied with the requirements of RSA chapter 74. In particular, he notes that there was no evidence that the Town first sent notice of the failure to file an inventory form or that it assessed a monetary penalty, which he asserts RSA 74:7-a, I, and RSA 74:7-c (1991) require.

> This court, of course, is the final arbiter of the legislature's intent as expressed in the words of [the] statute considered as a whole. We interpret legislative intent from the statute as written, and therefore, we will not consider what the legislature might have said or add words that the legislature did not include. Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation.

*Id.* at 125, 719 A.2d at 624-25 (quotations and citations omitted).

RSA 74:7-c provides in pertinent part that "[n]otice of failure to file the property inventory form . . . shall first be sent to the property owner of record . . . before the applicable monetary

penalty in RSA 74:7-a shall apply." The plain language of RSA 74:7-c does not require that notice be sent in all cases in which an inventory form is not filed. Rather, such notice is required only before a town may assess the monetary penalty in RSA 74:7-a, I. The plain language of RSA 74:7-a, I, moreover, does not condition the loss of the right to appeal on the assessment of a penalty. The loss of the right to appeal attaches to anyone who fails to file the requisite form, and who, therefore, "becomes liable" to pay the penalty specified by the statute. Whether or not the municipality elects to collect the penalty is immaterial.

    ■ The petitioner's construction of RSA 74:7-a, I, and RSA 74:7-c would require us to add language to these statutes. "[W]e can neither ignore the plain language of the legislature nor add words which the lawmakers did not see fit to include." *Brewster Academy v. Town of Wolfeboro*, 142 N.H. 382, 385, 701 A.2d 1240, 1242 (1997) (quotation omitted). Thus, it was not error for the board to dismiss the petitioner's appeal under RSA 74:7-a, I. The petitioner's remaining arguments as to the requirements of RSA chapter 74 lack merit and warrant no further discussion, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

Finally, the petitioner asserts that the board's interpretation of RSA chapter 74 violates Part I, Article 14 of the State Constitution because it treats similarly situated taxpayers differently. He argues that the board's interpretation creates two classifications between taxpayers who purchase property after the date for compliance with the inventory requirement: those who can appeal because their predecessors filed inventory forms; and those who cannot appeal because their predecessors failed to file inventory forms. This classification, he argues, is arbitrary and not rationally related to the intent of the statute. We disagree.

Part I, Article 14 of the State Constitution provides:

> Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property or character; to obtain right and justice freely, without being obligated to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

The purpose of this provision is "to make civil remedies readily available, and to guard against arbitrary and discriminatory infringements on access to the courts." *Estate of Cargill v. City of Rochester*, 119 N.H. 661, 665, 406 A.2d 704, 706 (1979), *appeal*

*dismissed,* 445 U.S. 921 (1980). This article "is basically an equal protection clause in that it implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination." *State v. Basinow,* 117 N.H. 176, 177, 371 A.2d 458, 459 (1977) (quotation omitted).

"The first question in an equal protection analysis is whether the State action in question treats similarly situated persons differently." *Appeal of Marmac,* 130 N.H. 53, 58, 534 A.2d 710, 713 (1987). RSA 74:7-a, I, distinguishes between taxpayers with filed inventory forms and those without filed inventory forms. The statute, however, treats taxpayers within each classification similarly. Those with filed inventory forms may appeal and those without filed inventory forms may not appeal.

■ The board's interpretation of the statute similarly distinguishes between taxpayers with filed inventory forms and those without filed inventory forms: successor purchasers with filed inventory forms may appeal while those without filed inventory forms may not appeal. There is no discrimination against successor purchasers because no one is permitted to appeal absent a filed inventory form. Thus, neither the statute nor the board's compliance with it violate the petitioner's right to equal protection. *See Sousa v. State,* 115 N.H. 340, 343-44, 341 A.2d 282, 284-85 (1975).

*Affirmed.*

BROCK, C.J., and HORTON, J., sat for oral argument but did not take part in the final vote; JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BRODERICK and NADEAU, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.