NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Sullivan
No. 2019-0616

THE NEW LONDON HOSPITAL ASSOCIATION, INC.

v.

TOWN OF NEWPORT

Argued: October 20, 2020
Opinion Issued: February 9, 2021

Devine, Millimet & Branch, Professional Association, of Manchester (Matthew R. Johnson and Lynnette V. Macomber on the brief, and Mr. Johnson orally), for the plaintiff.

Hage Hodes, P.A., of Manchester (Jamie N. Hage and Katherine E. Hedges on the brief, and Mr. Hage orally), and Drummond Woodsum & MacMahon, of Lebanon (Adele M. Fulton and Matthew C. Decker on the brief), for the defendant.

HANTZ MARCONI, J.  The plaintiff, The New London Hospital Association, Inc. (Hospital), challenges orders of the Superior Court (Tucker, J.) granting summary judgment in favor of the defendant, Town of Newport (Town), in the Hospital's appeal from the Town's denial of the Hospital's application for a charitable tax exemption and denying the Hospital's motion to amend its complaint.  We affirm.

The trial court found, or the record supports, the following facts. The Hospital owns and operates the Newport Health Center located in Newport. On May 19, 2016, the Hospital filed a Board of Tax and Land Appeals (BTLA) Form A-9 with the Town to claim a charitable tax exemption for tax year 2016. Pursuant to RSA 72:23-c, I (2012), the Form A-9 must be filed annually on or before April 15. At a meeting held on August 29, 2016, the Newport Board of Selectmen (board) voted to deny the Hospital's application for the 2016 tax year "because the application for the exemption was untimely and because the level of charity care provided by the hospital is very small and it is a fee for service operation." The Town informed the Hospital of the board's decision by letter dated September 7, 2016. Aside from the filing of a related tax form on May 23, 2016, the parties did not communicate at all regarding the Hospital's application for a charitable exemption for tax year 2016 between the date the Form A-9 was filed and the date the application was denied by the board.

The Hospital timely appealed the board's decision to the superior court. The Town moved for summary judgment arguing, in relevant part, that it is undisputed that the Hospital's application was untimely filed, and that the Hospital offered no evidence of accident, mistake or misfortune to the board as an excuse for the delay, thereby failing to pursue the only statutory exception for a late filing. See RSA 72:23-c, I. The Hospital objected to the Town's motion, but did not dispute that the Form A-9 was untimely filed. The Hospital argued that the Town's motion should be denied because the Town waived any objection to the timeliness of the Hospital's application, and because the Hospital was able to satisfy the statutory standard of accident, mistake or misfortune. The trial court granted the Town's motion and ruled that the Hospital's application for a charitable exemption for the 2016 tax year was properly denied because the application was untimely filed under RSA 72:23-c, I. The trial court also determined that the Hospital had waived the argument that its late filing was caused by accident, mistake or misfortune because the Hospital did not present that argument to the board.

While the summary judgment motion was pending, the Hospital moved to amend its complaint to add a claim alleging an equal protection violation based upon the Town's administrative policy, uncovered by the Hospital during discovery, of notifying particular entities, not including the Hospital, of approaching filing deadlines for tax exemptions. The trial court denied the Hospital's motion, ruling that the amendment introduced an entirely new cause of action, would call for substantially different evidence, and would not cure the defect in the complaint. The Hospital moved for reconsideration. Adhering to the same reasoning as set forth in its previous order, the trial court denied the motion. This appeal followed.

## II.

### A. Grant of the Town's Motion for Summary Judgment

We first review the trial court's grant of summary judgment in favor of the Town. When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Dent v. Exeter Hosp., 155 N.H. 787, 791 (2007). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. Id. at 792. An issue of fact is "material" for purposes of summary judgment if it affects the outcome of the litigation under the applicable substantive law. Id. We review the trial court's application of the law to the facts de novo. Id. To the extent we are required to interpret applicable statutes, our review is de novo. ElderTrust of Fla. v. Town of Epsom, 154 N.H. 693, 696 (2007).

RSA 72:23-c, I, which governs the filing for a charitable tax exemption, provides, in pertinent part:

> Every religious, educational and charitable organization . . . shall annually, on or before April 15, file a list of all real estate and personal property owned by them on which exemption from taxation is claimed, upon a form [Form A-9] prescribed and provided by the board of tax and land appeals, with the selectmen or assessors . . . . If any organization, otherwise qualified to receive an exemption, shall satisfy the selectmen or assessors that they were prevented by accident, mistake or misfortune from filing an application on or before April 15, the officials may receive the application at a later date and grant an exemption thereunder for that year; but no such application shall be received or exemption granted after the local tax rate has been approved for that year.

RSA 72:23-c, I.

The plain language of the statute requires that the Form A-9 exemption claim "shall" be filed annually on or before April 15. Id. The use of the word "shall" indicates a legislative mandate. Anderson v. Robitaille, 172 N.H. 20, 24 (2019). The lone statutory exception to the April 15 deadline — and the only circumstances under which local officials are extended discretion to accept a late filing — is available if the applicant "shall satisfy the selectmen or assessors" that the late filing was due to accident, mistake or misfortune. RSA 72:23-c, I. There is no dispute that the Hospital's Form A-9 for tax year 2016, which was filed on May 19, 2016, was untimely filed. Additionally, the record is devoid of any indication that the Hospital argued to the board that the delay in filing the Form A-9 was due to accident, mistake or misfortune. Thus, the

3

trial court properly ruled that the Hospital's application was untimely and that the Hospital waived any argument that its late filing was a result of accident, mistake or misfortune.

The Hospital argues that, despite its untimely filing, the board "received" the Hospital's application for purposes of RSA 72:23-c, I, because the Town physically received the Hospital's Form A-9 and did not bring any potential defects in the filing to the Hospital's attention, and because the board ruled on the merits of the application. The Hospital contends that, by reaching the merits of the application, the board found that the delay was due to accident, mistake or misfortune and chose to waive the filing deadline. Although we agree that the board not only determined that the application was untimely but also that "the level of charity care provided by the hospital is very small and it is a fee for service operation," the board may exercise discretion to review an untimely filed Form A-9 only if the applicant has satisfied the board that the late filing was due to accident, mistake or misfortune. RSA 72:23-c, I. As the trial court correctly observed, the statute places the burden on the taxpayer to convince the board that the specified circumstances caused the taxpayer to file late. See id. Here, the Hospital provided no evidence for the board to consider whether the late filing was due to accident, mistake or misfortune.

Nor can it be inferred from the record that the board impliedly made such a finding, because it expressly denied the application as untimely before observing that the application lacked merit. Cf. Pelham Plaza v. Town of Pelham, 117 N.H. 178, 180-82 (1977). The board's explicit ruling denying the application as untimely weighs against any inference that the board impliedly found that the timeliness requirement was somehow waived or satisfied. Similarly, the Town's knowledge of the Hospital's intention to pursue an exemption by way of the untimely filed Form A-9, together with the board's failure to raise any issue of timeliness until the application was denied months later, does not create such an inference. The "mere intention to file, even with an awareness on the part of the Town, is not sufficient to overcome the requirements of RSA 72:23-c." Society for the Preservation of Rockwood Pond v. Town of Fitzwilliam, Nos. 19096-2001EX and 19097-2001PT, 2003 WL 1935841 (N.H. Bd. Tax Land App. 2003). On this record, neither the statutory deadline nor the statutory exception thereto was satisfied. Accordingly, under these circumstances, the board was not required to "receive the application at a later date and grant an exemption thereunder for that year." RSA 72:23-c, I.

The Hospital argues, nevertheless, that, because the board reached the merits of the application, the trial court erred by not doing the same and applying the ElderTrust factors to determine, de novo, whether the Hospital qualifies as a charitable organization pursuant to RSA 72:23, V (Supp. 2020). See ElderTrust, 154 N.H. at 697-98. However, as noted above and observed by the trial court, the Hospital did not satisfy the only provision of the statute that provided the board with the discretion to waive the mandatory filing deadline

4

and consider the merits of the application. Based upon the record before us, we conclude that the trial court did not err in upholding the board's timeliness decision without reaching the merits of the Hospital's application. See Pelham Plaza, 117 N.H. at 183.

The Hospital next argues that the trial court's ruling was based upon an overly-technical construction of the relevant statutes. We have observed that "'the legislative purpose to encourage charitable institutions is not to be thwarted by a strained, over-technical and unnecessary construction.'" Marist Bros. of N.H. v. Town of Effingham, 171 N.H. 305, 309-10 (2018) (quoting Town of Peterborough v. MacDowell Colony, 157 N.H. 1, 5 (2008)). However, this rule of construction is applied to the determination of whether an entity qualifies as a charitable institution. See id. at 309-11 (addressing whether entity qualifies as charitable institution under RSA 72:23, V); MacDowell Colony, 157 N.H. at 4-6 (same); Trustees &c. Academy v. Exeter, 90 N.H. 472, 504 (1940) (stating that strict construction of the statute "does not best construe the expression of legislative will" when "determining whether a particular charity is within an exempt classification"). This principle is irrelevant to the trial court's review of the board's decision to deny the Hospital's application as untimely pursuant to RSA 72:23-c, I. Strict adherence to the legislature's deadline for charitable exemption applications does not contravene the statute's purpose. See Langford v. Town of Newton, 119 N.H. 470, 472 (1979) (explaining that the main purpose of inventory filing requirement is to assist authorities in the efficient performance of their duties by providing an accurate and comprehensive list of the community's taxable property).

The Hospital argues, however, that pursuant to RSA 72:34-a (Supp. 2020), the trial court should have applied a de novo standard of review to the Hospital's appeal and, had it done so, the court could have reviewed the Hospital's reasons for its untimely filing. Under the de novo standard, the Hospital asserts, the trial court had an obligation to consider the Hospital's argument that its untimely filing was the result of accident, mistake or misfortune because the court's "review [was] not limited to a particular record." The Hospital contends that, if the trial court had considered the justification for the late filing, it would have found disputed issues of material fact precluding summary judgment on that issue. We disagree. The statute requires evidence of accident, mistake or misfortune to be presented exclusively to the board; it does not authorize the trial court to consider such evidence in the first instance. See RSA 72:23-c, I.

The Hospital relies on three decisions of the BTLA to support its contention that the court erred by failing to review the Hospital's justification for its untimely filing. Two of these cases are inapposite because the issue in those cases was the municipalities' failure to consider the proffered reasons for the untimely filing. See Sanbornville United Methodist Church v. Town of Wakefield, No. 28535-17EX, 2018 WL 1830922 (N.H. Bd. Tax Land App. 2018)

5

(reversing the Town's denial of the taxpayer's application as untimely because the board of assessors failed to consider the record evidence of the taxpayer's explanation to the board that the untimely filing was due to accident, mistake or misfortune); Union Congregational Church v. Town of Wakefield, No. 28560-17EX, 2018 WL 1830924 (N.H. Bd. Tax Land App. 2018) (reversing the Town's denial of the taxpayer's application as untimely because the board of assessors failed to consider whether the untimely filing was due to accident, mistake or misfortune despite the taxpayer having filed a "'letter asking for forgiveness'" with the Town offering such an explanation).  In contrast, the Town here had been offered no explanation to review.  The third BTLA decision is no more helpful to the Hospital's position because the town in that case did not, as here, decide the timeliness issue.  See Society for the Preservation of Rockwood Pond, 2003 WL 1935841 (N.H. Bd. Tax Land App. 2003).

The Hospital also argues that the court erred in concluding that its timeliness argument had been "waived" for purposes of appeal.  The Hospital asserts that the court's conclusion was error because the Hospital in no way expressed, through language or conduct, an intent to waive the right to make the argument that the Hospital's Form A-9 was untimely filed due to accident, mistake or misfortune.  However, the Hospital misconstrues the court's order.  The trial court determined that the argument was "waived" for purposes of appeal because the Hospital "did not argue 'accident, mistake, or misfortune' to the board" or "present the board with circumstances that justified the delay." Thus, the court's decision rested on the Hospital's failure to make the argument to the board following which no judicial review was possible.

In summary, the undisputed facts on the record before us are that the Hospital filed the Form A-9 after the statutory deadline had passed and made no attempt to satisfy the only exception to the deadline provided by the statute.  Accordingly, even drawing all inferences from the record before us in the light most favorable to the Hospital, see Dent, 155 N.H. at 791, we conclude that the trial court did not err in ruling that the board properly denied the Hospital's application as untimely.  See RSA 72:23-c, I; Pelham Plaza, 117 N.H. at 183.

### B.  Denial of the Hospital's Motion to Amend

We turn next to whether the trial court erred in denying the Hospital's motion to amend its complaint to add a claim alleging a violation of its rights to equal protection of the laws due to the Town's disparate treatment of charitable institutions.  Generally, a court should allow amendments to pleadings to correct technical defects but need only allow substantive amendments when necessary to prevent injustice.  Keshishian v. CMC Radiologists, 142 N.H. 168, 175 (1997); see RSA 514:9 (2007) (granting trial court discretion to permit substantive amendments to pleadings "in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice; but the rights of

6

third persons shall not be affected thereby"). Accordingly, liberal amendment of pleadings is permitted unless the changes would surprise the opposing party, introduce an entirely new cause of action, or call for substantially different evidence. Sanguedolce v. Wolfe, 164 N.H. 644, 647-48 (2013). An amendment may also be denied if it would not cure the defect in the complaint. Id. at 648. Whether to allow a party to amend its pleadings rests in the sound discretion of the trial court, and we will not disturb the trial court's decision absent an unsustainable exercise of discretion. Id. When reviewing whether a ruling made by the trial court is a proper exercise of judicial discretion, we determine whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. In the Matter of Silva & Silva, 171 N.H. 1, 4 (2018). For the reasons discussed below, we conclude that the record establishes an objective basis to sustain the trial court's discretionary judgment in this case.

The trial court denied the motion to amend on the grounds that the proposed amendment introduced an entirely new cause of action, called for substantially different evidence, and would not cure the defect in the complaint. The Hospital argues that the trial court's decision was an unsustainable exercise of discretion contrary to New Hampshire's rule of liberally permitting amendments to pleadings, because: (1) the court denied the Hospital's first motion to amend; (2) the Hospital's motion was based on new evidence uncovered during discovery; (3) the proposed amendment does not assert a new cause of action or require substantially different evidence; and (4) the court failed to consider whether the amendment would be necessary to prevent injustice while imposing no prejudice on the Town.

We are not persuaded that the court's denial of the motion was error simply because it was the Hospital's first time moving for amendment to the complaint or because the motion was based upon evidence newly obtained during discovery. In support of this argument, the Hospital relies upon cases from other jurisdictions for the proposition that when a motion to amend pleadings is filed for the first time, it is generally granted, especially when it is based upon new evidence obtained during discovery. See Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir. 1981) (observing that policy of freely allowing amendment "is certainly strongest where the motion challenged is the first motion to amend"); Baxter Intern. Inc. v. Cobe Lab., Inc., No. 89 C 9460, 1991 WL 280054, at *2-*3 (N.D. Ill. December 18, 1991) (stating that policy of freely allowing amendments to pleadings is strongest when a party is attempting to amend for the first time and finding excusable delay in requested amendment where new facts were revealed during discovery); Anderson v. Cigna Healthcare of Maine, No. CV-04-685, 2005 WL 3340127, at *2-*3 (Me. Super. Ct. 2005) (granting plaintiff's motion to amend based upon new evidence arising during discovery partly because there were three months of discovery left for defendant to prepare a defense at the time the motion was filed).

None of the cases cited by the Hospital, however, establishes a bright-line rule that the court must grant a motion to amend because it is the first such motion to be filed by a party, or because the motion was based upon new evidence obtained during discovery. Of course, the factors identified by the Hospital may be considered by the trial court in exercising its discretion to grant or deny a motion to amend, see, e.g., Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 728-29 (2010); Dent, 155 N.H. at 797; Bennett v. ITT Hartford Group, 150 N.H. 753, 760 (2004), but their presence does not compel such a ruling.

The Hospital argues that the record does not support the trial court's conclusion that the equal protection claim sought to be added by the amendment constituted a new cause of action, would require substantially different evidence, and would not cure the defect in the complaint. Although the trial court concluded that the proposed amendment satisfies "all three factors that weigh against granting it," any one factor is sufficient to support the denial of a proffered amendment. See Sanguedolce, 164 N.H. at 647-48. The Hospital contends that the tax appeal contained in the initial complaint and the equal protection claim amendment constitute the same cause of action because the equal protection claim arose from the same factual transaction as the tax appeal. We disagree. The pertinent facts giving rise to the tax appeal concern the Hospital's filing of the application, the board's denial of the application as untimely, and the arguments presented (or not) to the board on that issue. In contrast, the facts giving rise to the equal protection claim concern the Town's administrative policy of sending notices to entities that have received charitable tax exemptions in prior years to remind them of approaching filing deadlines for the current year, but not sending the same notice to entities that either have not applied or were denied a charitable tax exemption in the past.

The Hospital's claim that the Town's administrative policy unlawfully treats entities within its jurisdiction unequally is distinct from the claim that the Hospital was erroneously denied a tax exemption on an untimely application. Thus, the record objectively supports the trial court's conclusion that the proposed amendment sought to include a new cause of action. See Sanguedolce, 164 N.H. at 647-48; Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 4, 11 (2010).

The Hospital argues that granting the amendment would not result in prejudice to the Town, and that amendment of the complaint was necessary in this case to prevent "the injustice of allowing the Town to benefit from its own differential treatment of taxpayers." As the Hospital observes, the trial court's order includes no explicit findings on either factor. While specific findings would help to guide our review, the court held a hearing on the motion to amend and, based on the arguments presented, could have reasonably concluded that requiring the Town to engage in new discovery and to prepare

to defend an entirely different claim than the one originally filed, on which the court was about to render summary judgment in the Town's favor, would be unfairly prejudicial to the Town.  See Bennett, 150 N.H. at 760 (affirming trial court's finding that "the amendment was a substantive amendment that would initiate new fact discovery and, thereby, prejudice [the non-moving party]").  Nor is it apparent from this record that the denial of the motion to amend would result in grave injustice to the Hospital.  See Kalil, 159 N.H. at 729.

For the foregoing reasons, we conclude that the trial court properly granted the Town's motion for summary judgment and sustainably exercised its discretion in denying the Hospital's motion to amend.

Affirmed.

HICKS, BASSETT, and DONOVAN, JJ., concurred.

9