Hillsborough,
No. 5631.

H.J.H., Inc. *v.* State Tax Commission.

Argued June 7, 1967.
Decided June 30, 1967.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree ( Mr. Hedley G. Pingree* orally ), for the plaintiff.

*George S. Pappagianis*, Attorney General and *R. Peter Shapiro*, Assistant Attorney General ( *Mr. Shapiro* orally ), for the defendant.

KENISON, C. J. A hearing was held by the State Tax Commission to determine whether plaintiff's failure to file an inventory for the taxable year beginning April 1, 1964, was sufficient reason for the Commission to refuse to consider the appeal. The parties have agreed as follows: " That the uncontra - dicted evidence presented at that hearing was that the Petitioner did not receive an inventory blank from the City of Manchester, although it is the custom of that City to provide such blanks to each taxpayer; that the principals of the corporation, namely, Henry Mack, Marielise Mack, Henry Opipari and John Mathias were not at that time and had never been residents of the State of New Hampshire; had never owned or operated a prior business within the State of New Hampshire; had never owned any real estate or other taxable property within the State of New Hampshire; that their states of domicile, namely Florida and New York, do not require such inventory and that they had no actual knowledge that such inventory was required in this State. The evidence further showed that such failure to file an inventory did not deceive or hinder the Assessors of the City of Manchester in that the inventory if it had been received and returned would have listed only ' Motel, restaurant and land, Front Street, Manchester, New Hampshire ', a fact known to the Assessors and no other taxable property. "

Although the statutes require that a party appealing to the State Tax Commission for an abatement must file an inventory ( RSA 74:7, 8; Laws 1965, 21:3, 4; RSA 76:16-a; Laws 1955, 162:2 ), it has been established by a long line of cases that a tax abatement appeal is not precluded where a party was prevented from filing the inventory by accident, mistake or misfortune and without fault on its part. *Dewey* v. *Stratford*, 40 N. H. 203; *Trust and Guaranty Co.* v. *Portsmouth*, 59 N. H. 33; *Parsons* v. *Durham*, 70 N. H. 44; *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200, 202; *Kerby* v. *Charlestown*, 78 N. H. 301, 307; *Bean & Co.* v. *Jaffrey*, 80 N. H. 343. See *Verney Corporation* v.

*Peterborough*, 104 N. H. 368, where the failure to file a full and complete inventory was held not to preclude an appeal where there was no intent to mislead and the taxpayer acted in good faith. In *Bartlett* v. *New Boston*, 77 N. H. 476 a petition for abatement of taxes was denied but the plaintiff not only failed to file an inventory but "refused" to do so. The cases construing our tax abatement statutes over a long period of time do not encourage the slothful, are designed to penalize the contumacious but also indicate some concern for the taxpayer. The reminder "that the machinery of government would not work if it were not allowed a little play in its joints" (*Bain Peanut Co.* v. *Pinson*, 282 U. S. 499, 501 ) has relevance here.

During the argument of this case it appeared that there was some indication that the Tax Commission may have relied on a memorandum which contained errors of fact or facts which were contrary to those agreed upon in this proceeding. While this was done in absolute good faith, it should not prejudice the plaintiff's right to a hearing on the merits. As Judge *Smith* said almost a century ago: "Next to securing a fair and impartial trial for parties, it is important that they should feel that they have had such a trial." *Beattie* v. *Hilliard*, 55 N. H. 428, 435-436. Upon the agreed facts submitted by the parties we reverse the ruling of the State Tax Commission that it "is without jurisdiction to consider the application for abatement of taxes." Plaintiff's application for abatement of taxes is remanded to the Commission to "make such order thereon as justice requires." RSA 76:16-a; Laws 1965, 29:1.

*Remanded.*

All concurred.