Board of Taxation
No. 81-377

APPEAL OF C.H.R.I.S.T., INC.
(New Hampshire Board of Taxation)

December 8, 1982

*McSwiney, Jones & Semple*, of New London (*Robert E. Bowers, Jr.*, on the brief and orally), for C.H.R.I.S.T., Inc.

*Bossie, Kelly & Hodes P.A.*, of Manchester (*Robert F. Bossie* on the brief and orally), for the Town of Deering.

BROCK, J. The plaintiff in this case appeals a decision by the board of taxation relating to its claim for religious and charitable tax exemptions. For the reasons which follow, we affirm in part and reverse in part.

The plaintiff, C.H.R.I.S.T., Inc. (Christians Helping Rehabilitate Individuals through Scriptural Therapy, Inc.), located in Deering, was incorporated in 1979 as a youth rehabilitation center with a Christian emphasis. Approximately forty youths at a time reside on the plaintiff's premises and are required to work on the property, gardening, raising livestock, and cutting firewood. They also participate in counseling, prayer and religious instruction. The buildings and improvements occupy approximately thirty acres of the plaintiff's 350-acre property.

In 1979, the plaintiff filed a timely application with the defendant Town of Deering for tax-exempt status as a religious and charitable organization pursuant to RSA 72:23, III and V. The town denied all the plaintiff's claimed exemptions, except for the claimed exemption relating to the plaintiff's chapel. The plaintiff was never formally notified of this decision.

C.H.R.I.S.T., Inc. appealed the town's denial of its tax-exempt status to the board of taxation. At that time, the plaintiff also attempted to file a financial statement with the commissioner of revenue administration in accordance with RSA 72:23, VI (Supp. 1981). The plaintiff apparently was informed by the department, however, that the form referred to in RSA 72:23, VI (Supp. 1981) did not exist and that no such filing in fact was required. Consequently, the plaintiff did not file the financial statement.

After a full hearing, the board of taxation determined that the plaintiff did not qualify for an exemption as a religious organization under RSA 72:23, III, but that it did qualify as a charitable organization under RSA 72:23, V. The board also decided that only thirty acres of the plaintiff's property would qualify for exemption because the remainder of the property was not used directly for charitable purposes. The board failed to grant the plaintiff the charitable exemption for 1980, however, because the plaintiff had not filed the financial statement required by RSA 72:23, VI (Supp. 1981).

■■ The plaintiff raises several issues on appeal. It first contends that it is entitled to tax-exempt status as a religious as well as a charitable organization. The legislature did not intend, however, to allow organizations to claim multiple exemptions under separate provisions of the tax exemption statute, *St. Paul's School v. City of Concord*, 117 N.H. 243, 248, 372 A.2d 269, 272–73 (1977). The

plaintiff has already been granted tax-exempt status as a charitable organization; it is therefore unnecessary that we consider the plaintiff's claim that it is also entitled to tax-exempt status as a religious organization under RSA 72:23, III.

■ The plaintiff also argues that at least sixty-five acres of its property should have been exempted rather than only the thirty acres on which the plaintiff's buildings and improvements are located. Only that part of the property which is used directly for charitable purposes is exempt from property tax. *Alton Bay Camp Meeting Assoc. v. Alton*, 109 N.H. 44, 242 A.2d 80, 84–85 (1968); *Appalachian Mountain Club v. Meredith*, 103 N.H. 5, 15, 163 A.2d 808, 815 (1960). Any part of the property on which the charitable use is only slight is not considered tax-exempt. *Franciscan Fathers v. Pittsfield*, 97 N.H. 396, 401, 89 A.2d 752, 756 (1952); *Nature Conservancy v. Nelson*, 107 N.H. 316, 320, 221 A.2d 776, 779 (1966).

■ The board of taxation determined that only thirty acres of the plaintiff's property were used directly for charitable purposes, and that the remainder of its property was not exempt because its use for charitable purposes was slight. Because the board's decision was supported by sufficient evidence, we uphold it. *See Appeal of Peirce*, 122 N.H. 762, 765, 451 A.2d 363, 365 (1982) (citations omitted).

■ The plaintiff next argues that the board of taxation should have ruled that the town's failure to comply with the express notice requirement in RSA 72:55 (Supp. 1981) estopped the town from arguing that the plaintiff was not entitled to its requested tax exemption. We agree with the board's reasoning that because RSA 72:55 (Supp. 1981) pertains only to homeowners' exemptions, and has no applicability to exemptions claimed under RSA 72:23, the defendant had no obligation to formally notify the plaintiff of its decision. The town was therefore not precluded from arguing that the plaintiff was not entitled to a tax exemption.

■ The plaintiff finally contends that its right to a charitable exemption for the year 1980 should not be denied because it failed to file a financial statement pursuant to RSA 72:23, VI (Supp. 1981). The statute provides that an applicant for tax exemption must file a financial statement with the department of revenue administration by June 1 following the end of the fiscal year for which the exemption is requested. RSA 72:23, VI (Supp. 1981). The request must be filed "on a form supplied by the Commissioner of Revenue Administration." *Id.* The plaintiff concedes that it did not file a financial statement but argues that it did not file the statement because it relied upon the department's assurances that no filing

was required. Where the plaintiff in good faith, and through no fault of its own, failed to file the required statement, the charitable tax exemption should not have been denied for the tax year 1980. *See H.J.H., Inc. v. State Tax Commission,* 108 N.H. 203, 204–05, 230 A.2d 739, 741 (1967).

*Affirmed in part; reversed in part; remanded.*

All concurred.