Board of Tax and Land Appeals
No. 94-018

## APPEAL OF THE KIWANIS CLUB OF HUDSON, INC.

### (New Hampshire Board of Tax and Land Appeals)

August 4, 1995

*Philip R. Currier, P.C.*, of Nashua (*Philip R. Currier* on the brief and orally), for the petitioner, Kiwanis Club of Hudson, Inc.

*Donahue, McCaffrey, Tucker & Ciandella,* of Exeter (*John J. Ratigan* on the brief and orally), for the respondent, Town of Hudson.

THAYER, J. The taxpayer, the Kiwanis Club of Hudson, Inc. (Kiwanis), appeals an order of the New Hampshire Board of Tax and Land Appeals (board) awarding it only a 25% exemption from property taxes. It argues that the board erred in ruling that its use of the property was not directly related to its charitable purposes. We reverse.

The board ruled that Kiwanis qualified for a 100% exemption for some of its property, but was entitled only to a 25% exemption for its function hall because the primary use of the hall was not directly related to Kiwanis' charitable purposes. Kiwanis uses the function hall one night a week for its own fund-raising and rents the hall to other charitable organizations four nights a week for their fund-raising. Additionally, Kiwanis uses the hall for business meetings twice a month, several special meetings throughout the year, and a community Christmas party for underprivileged children once a year.

The sole issue in this case is whether Kiwanis, by using the hall for its own fund-raising and renting the hall to other charitable organizations for fund-raising purposes, has used the building within the meaning of RSA 72:23, V (1991), the charitable exemption statute. Kiwanis argues that its own fund-raising and its rental of the hall to other charitable organizations for fund-raising purposes benefits the community of Hudson, which is Kiwanis' primary charitable purpose. We agree.

Our standard of review for appeals from the board provides that the petitioner has the burden of showing that the board's decision is "clearly unreasonable or unlawful, and all findings of the [board] upon all questions of fact . . . shall be deemed to be prima facie lawful and reasonable." RSA 541:13 (1974); *see* RSA 71-B:12 (1991). The question in this case is whether the board properly

interpreted RSA 72:23, V. "The interpretation of a statute is to be decided ultimately by this court." *Petition of Walker,* 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994). Therefore, if we find that the board misapprehended or misapplied the law, its order will be set aside. *See In re Wayne H. Brock,* 121 N.H. 662, 664, 433 A.2d 1275, 1277 (1981).

RSA 72:23, V provides an exemption from property taxation for "[t]he real estate and personal property owned by charitable organizations . . . and occupied and used by them for the purposes for which they are established, provided that none of the income or profits thereof is used for any other purpose than the purpose for which they are established." The board ruled that Kiwanis was a charitable organization within the meaning of the statute, and that all of its proceeds from the use of the function hall were used for its charitable purposes, but that the use of the hall for fund-raising purposes was not directly related to the charitable purposes for which Kiwanis was established.

To qualify for the exemption, the property must be "used directly for charitable purposes." *Appeal of C.H.R.I.S.T., Inc.,* 122 N.H. 982, 984, 455 A.2d 1006, 1007 (1982). The board found that Kiwanis used the hall for meetings and other charitable purposes, but that the *"dominant* use of the Property is for recreational gaming." We disagree with this characterization of Kiwanis' use of its property. Kiwanis uses the hall one night a week for its own fund-raising. On the other four nights, it rents the hall to other charitable organizations for their fund-raising purposes. The rents charged by Kiwanis are limited to the direct expenses of operating the hall and user fees, which are set by the New Hampshire Sweepstakes Commission. By providing other charitable organizations a location to raise funds, Kiwanis contributes to "the betterment of the community," which is Kiwanis' charitable purpose.

We have previously stated that "if the rentals directly fulfill [an] organization's charitable purpose, or are necessary for the organization to accomplish its purpose, an exemption will be allowed." *Senior Citizens Housing Dev. Corp. v. City of Claremont,* 122 N.H. 1104, 1108, 453 A.2d 1307, 1309-10 (1982). According to testimony at the hearing, the primary purpose of Kiwanis is "the betterment of the community" of Hudson. Kiwanis argues, and we agree, that by allowing other charitable groups to use its facility for fund-raising, Kiwanis benefits the community of Hudson. Kiwanis' actions provide a location for other charitable organizations to engage in fund-raising. While fund-raising may not be "inherently charitable," it is the life's blood of most charitable organizations.

The board recognized that fund-raising was necessary and that fund-raising generally would not deny an otherwise qualified charitable organization an exemption. We see no reason to penalize Kiwanis for providing other organizations with an opportunity to raise funds. We hold, therefore, that the rental of the property to other charitable organizations for fund-raising purposes "directly fulfill[s] the organization's charitable purpose" of bettering the community of Hudson. *Id.*

▮ Additionally, assuming *arguendo* that Kiwanis' use of the hall for its own fund-raising purposes would not fulfill Kiwanis' charitable purpose, that use is incidental to Kiwanis' primary use of the hall to provide a fund-raising location to other charitable organizations. It therefore does not act to deny Kiwanis its exemption. *See Green Acre Baha'i Institute v. Town of Eliot*, 110 A.2d 581, 583 (Me. 1954) ("[W]here dominant use . . . is for [charitable] purposes, tax exemption will not be defeated by either occasional or purely incidental [use]."); *cf. Wentworth Home v. Portsmouth*, 108 N.H. 514, 517, 238 A.2d 730, 732 (1968) (parking lots of exempt property are exempt). As a result, Kiwanis is entitled to a full exemption from property taxes for the 1991 tax year.

*Reversed.*

All concurred.